State *v.* Layne.

## State *v.* Layne.

### (*Jackson.* May 28, 1896.)

1. FORMER CONVICTION. *Plea of, for disturbing public worship.*

    A plea of former conviction to a charge of disturbing public worship, which avers that defendant had been fined a specified sum by a Justice of the Peace upon his plea of guilty of a general charge of disturbing public worship, shows that the previous prosecution was under § 5663, (M. & V.) Code, imposing a fine of from $20 to $200 for disturbing public worship and not under § 2010, (M. & V.) Code, which authorizes the imposition of a fine for disturbing public worship, of not more than $5 by a Justice of the Peace, without any plea of guilty. (*Post, pp. 669–674.*)

    Code construed: §§ 2010, 5663 (M. & V.); §§ 1511, 4853 (T. & S.).

    Case cited: Hollingsworth *v.* State, 5 Sneed, 519.

2. DISTURBING PUBLIC WORSHIP. *Justice's judgment imposing $4 fine void.*

    A Justice's judgment imposing a fine of only $4 upon a defendant pleading guilty of disturbing public worship, under the statute inflicting a fine of not less than $20 nor over $200, is void. (*Post, pp. 672, 673.*)

    Code construed: § 5663 (M. & V.); § 4853 (T. & S.).

3. PLEA OF FORMER CONVICTION. *Requisites of.*

    Doctrine reaffirmed that plea of former conviction, based upon a proceeding before a Justice under the statutes relating to small offenses, must aver with strictness the facts essential to the validity of the former proceeding. (*Post, pp. 671, 672.*)

    Code construed: § 5819 (M. & V.); § 4994 (T. & S.).

    Cases cited and approved: McGinnis *v.* State, 9 Hum., 43, State *v.* Chaffin, 2 Swan, 493; State *v.* Clenny, 1 Head, 270; Rose *v.*

State *v.* Layne.

State, 9 Lea, 389; State *v.* Atkinson, 9 Hum., 677; State *v.* Colvin, 11 Hum., 601; State *v.* Spencer, 10 Hum., 431.

FROM OBION.

Appeal from Circuit Court of Obion County. W. H. SWIGGART, J.

Attorney-general PICKLE for State.

J. W. BURNEY for Layne.

CALDWELL, J. Brandon Layne was presented for disturbing public worship. He pleaded former conviction before a Justice of the Peace under the small offense law. The District Attorney moved to strike out the plea, and, upon his motion being disallowed, he admitted the truth of the facts pleaded. Upon that admission the Circuit Judge sustained the plea and discharged the defendant. The State appealed in error.

In the year 1801 the Legislature enacted a law declaring "that if any person shall interrupt a congregation assembled for the purpose of worshiping the deity, such person shall be dealt with as a rioter at common law." Acts 1801, Ch. 35; 1 Scott's Laws of Tennessee, 721; Caruthers & Nicholson, 558.

In 1815 it was made the duty of all Justices of

the Peace, Sheriffs, Coroners, and Constables to put forth prompt and active efforts for the apprehension and punishment of all persons, who, "either by words or gestures, or in any other manner whatever," should violate that law, or any published rule for the government of the congregation, in the presence of such officials, or of others giving them information thereof. Acts 1815, Ch. 60, §§ 1, 2; 2 Scott's Laws, 208, 209; Caruthers & Nicholson, 558; *Hollingsworth* v. *The State*, 5 Sneed, 519.

The aforesaid provisions of the two enactments of 1801 and 1815 were consolidated by the compilers, and carried into the Code of 1858, in the following language: "All Justices of the Peace, Sheriffs, Coroners, and Constables are required to arrest immediately any person, in their knowledge or observation, disturbing a congregation assembled for public worship, or violating any rule or regulation adopted by such denomination for their own government, or the preservation of good order. Such person shall be fined by the justice before whom brought not exceeding five dollars, or bound over for his appearance at Court, to be proceeded against as a rioter for the offense." Code, § 1511; M. & V., § 2010. At the same time the compilers introduced into the Code of 1858 another section, in these words: "If any person willfully disturb or disquiet any assemblage of persons met for religious worship, by noise, profane discourse, rude or indecent behavior, or any other act, at or near the place of worship, he shall

be fined not less than twenty, nor more than two hundred, dollars, and may also be imprisoned, not exceeding six months, in the county jail." Code, § 4853; M. & V., § 5663.

Confessedly, the presentment in this case was framed under the latter section. The charge is that the defendant "then and there unlawfully did disturb and disquiet a congregation or assembly of persons met together for religious worship, by loud talking, profane swearing, quarreling, being drunk, and other rude and indecent conduct, at or near the place where said congregation or assembly of persons had met for religious worship."

The principal provision of what is known as the small offense law is as follows:

"Any person brought before a Justice of the Peace for a misdemeanor, may plead guilty, whereupon the Justice shall hear the evidence, and fine the offender, according to the aggravation of his offense, not less than two nor more than fifty dollars, together with all costs." Acts 1847–48, Ch. 55, § 1; Code 4994; M. & V. § 5819; Nicholson's Statute Laws, 18 and 19.

A regular and proper conviction under this statute may be successfully pleaded by the defendant in bar of an indictment against him for the same offense. *McGinnis* v. *The State*, 9 Hum., 43; *The State* v. *Chaffin*, 2 Swan, 493; *The State* v. *Clenny*, 1 Head, 270; *Rose* v. *The State*, 9 Lea, 389.

Great strictness, however, is to be observed in

State *v.* Layne.

presenting the matter of former conviction. A party seeking the benefit of that defense must aver all facts essential to the validity of the former proceeding and conviction. He must aver that he was brought before a Justice of the Peace on the same charge, by regular process duly issued and served (Code, M. & V., § 5819; *The State* v. *Atkinson*, 9 Hum., 677; *The State* v. *Colvin*, 11 Hum., 601); that the Justice heard the evidence (Code *Ib.*; *The State* v. *Spencer*, 10 Hum., 431; *The State* v. *Colvin*, *supra*); that he pleaded guilty and was fined (Code *Ib.*); and the amount of the fine. *The State v. Atkinson*, 9 Hum., 679.

The plea filed by defendant in the present case is in good form, and contains all the essentials just enumerated. Nevertheless, it is clearly bad, in that it discloses at least one fatal defect in the proceeding before the Justice, that defect being shown by the statement in the plea that the Justice fined the defendant only "four dollars." The plea, to be good, must not only aver that the defendant was fined, and the amount of the fine, but the amount of the fine must appear to be such as the Justice was authorized to impose in the particular case. The reverse appears in the plea before us.

The minimum fine authorized by the statute (Code, § 4853; M. & V., § 5663), which the defendant confessed he had violated, and under which, it seems, he was arrested and tried, is twenty dollars; hence, the judgment for a less sum was *coram*

State v. Layne.

*non judice* and void. There was no authority whatever for the judgment actually rendered; and, as a consequence, that judgment was an absolute nullity, and, being so, could afford the defendant no advantage or protection in a subsequent prosecution for the same offense.

It is true that § 4994 of the Code, already quoted herein, authorizes the Justice of the Peace trying the cases contemplated to "fine the offender, according to the aggravation of his offense, not less than two nor more than fifty dollars;" but that authorization was not intended to change the minimum or maximum fines prescribed by other statutes for particular offenses. The discretion conferred upon the Justices, as to amount of fines to be imposed by him, was intended to be exercised within the limits prescribed by the particular law relating to the particular offense being tried, if there be any such limits. In each particular case he must observe the peculiar law of the offense to be punished, and in no case can he impose a fine of less than two or more than fifty dollars. Within the latter limits he may impose any fine authorized by the peculiar law of the offense to be punished, but in no event can he lawfully impose any fine not authorized by that peculiar law.

This record does not justify the insistence of counsel that the defendant was tried and fined under § 1511 of the Code, which, as has already been seen, authorizes the Justice of the Peace trying

43—12 P

the case to impose a fine "not exceeding five dollars."

Pretermitting all question as to whether or not the offenses embraced in that section and in section 4853 are the same; and as to whether or not, if they are the same, the provision of the former section that the Justice may fine the offender "not exceeding five dollars," was superseded by the subsequent provision of the latter section that "he shall be fined not less than twenty nor more than two hundred dollars," etc., it is entirely sufficient for the refutation of that insistence, and for all present purposes, to say that the former provision is not applicable, and cannot be made available under the pleadings in this case. If the offenses contemplated by the two sections are in reality the same, and all the provisions of both sections are to be considered in full force, it is, nevertheless and undeniably, true that the punishment to be imposed under the one section is different from that to be imposed under the other, and, consequently, that the jurisdiction of the Justice as to amount of fine imposed by him, in a given case, depends upon the question whether the prosecution is under the one section or the other. The punishment administered by him must be appropriate to the section under which the prosecution is conducted; a prosecution under one will not authorize punishment under the other.

The presentment in the present case is, undoubt-

edly, framed under § 4853, as we have already seen, and not under § 1511; and the defendant is proceeded against with reference to the punishment prescribed in the former, and not as a rioter at the common law under the latter. It is almost as certain that the proceeding before the Justice was under the same section.

The defendant does not show or claim in his plea that he was arrested, tried, and fined under section 1511; on the contrary the true meaning of his plea, as we understand it, is that he was arrested, tried, and fined under § 4853, the Justice assuming the right and power, under § 4994, to impose the fine. The averments of the plea are, in substance, that the defendant was arrested on the general charge of disturbing public worship; that he appeared before the Justice issuing the warrant, and pleaded guilty as under the small offense law, and was thereupon tried and convicted under that law, for the offense, upon the plea, and with the imposition of the fine stated.

It is fair to assume that both the defendant and the Justice knew that a plea of guilty was not essential to the power of the Justice to impose a fine under § 1, Ch. 60, Acts 1815 (Code, § 1511), as it was under Code, § 4853; and therefore that they acted advisedly and attempted to conduct the proceeding before the Justice with reference to the latter law and the punishment therein prescribed, and not otherwise, though the Justice erroneously sup-

posed he had the power, under the small offense law (Code, § 4994), to commute that punishment, and accordingly imposed a fine of only four dollars.

A fine of so small a sum was not authorized in a proceeding under § 4853; hence, the judgment imposing it was void and of no virtue in law for any purpose. This is no less true because a judgment imposing such a fine would have been authorized and valid if rendered in a proceeding under § 1511. A judgment, void where rendered, cannot be validated by referring it to another proceeding in which it would have been valid.

The defect mentioned being fatal to the plea of former conviction, and as such conclusive of the case on this record, it is not necessary to decide whether or not the offense of disturbing public worship, as contemplated by § 4853 of the Code, falls within the provisions of the "small offense" law, and may be finally tried and punished under that law by a Justice of the Peace.

Reverse and remand. Enter same judgment as to Walter Spriggs, whose case is the same as that of Brandon Layne.