Dagley v. State.

BOB DAGLEY *v.* THE STATE.*'

(*Knoxville,* September Term, 1921.)

1. CRIMINAL LAW. Disturbing public worship the offense under each of two Code sections.

The offenses defined in Shannon's Code, sections 2566, 6776, are the same, in substance, "disturbing public worship;" the language of the former section requiring officers to arrest immediately a person "in their knowledge or observation" disturbing a congregation assembled for public worship, relating to the method of procedure, rather than to a designation of the offense. (*Post, pp.* 503-505.)

Case cited and distinguished: State v. Layne, 96 Tenn., 674.

Codes cited and construed: Secs. 2566, 6776(s.); Secs. 1511, 4853 (1858).

2. DISTURBANCE OF PUBLIC ASSEMBLAGE. New section in Code repeals section codifying old law where in irreconcilable conflict as to penalty.

There is such irreconcilable conflict between Shannon's Code, section 2566, prescribing a maximum penalty of $5 fine for disturbing public worship, and section 6776, prescribing a minimum penalty of $20 fine for the same offense, that the latter, coming into force for the first time by the enactment of that Code, repeals the former, which was a codification of older statutes. (*Post, pp.* 505-510.)

Acts cited and construed: Acts 1799, ch. 20; Acts 1801, ch. 35; Acts 1815, ch. 60; secs. 1, 2; Acts 1807, ch. 73, sec. 4; Acts 1829, ch. 74; Acts 1841-42, ch. 141.

---

*On character of meeting essential to offense of disturbing meeting, see notes in 30 L. R. A. (N. S.), 829 and 45 L. R. A. (N. S.), 108.

On right to injunction to prevent disturbance of religious worship, see note in L. R. A. 1917D, 996.

Cases cited and approved: Bennett v. State, 10 Tenn., 472; Bailey v. Drane, 96 Tenn., 16; Adkins v. Arnold, 238 U. S., 417.

Case cited and distinguished: Roberts v. State, 2 Tenn., 425; Taylor v. State, 26 Tenn., 510.

Code cited and construed: Secs. 1511, 4853 (1858).

3. **CRIMINAL LAW.** Judgment imposing less than the minimum fine not available as former conviction.

A judgment, imposing a fine less than the minimum fixed by statute, is not available in bar of a prosecution for the same offense. (*Post,* p. 510.)

---

### FROM RHEA.

---

Error to the Criminal Court of Rhea County.—Hon. J. T. Raulston, Judge.

W. L. Givens, for plaintiff.

Wm. H. Swiggart, Jr., Assistant Attorney-General, for the State.

Mr. Special Justice L. D. Smith delivered the opinion of the Court.

The plaintiff in error, Bob Dagley, was indicted and convicted and adjudged to pay a fine of $20 for the offense prescribed by section 4853 of Code 1858 (Shannon's section 6776), which reads as follows:

"If any person willfully disturb or disquiet any assemblage of persons met for religious worship, . . . . by noise, profane discourse, rude or indecent behavior,

or any other act, at or near the place of meeting, he shall be fined not less than twenty nor more than two hundred dollars, and may also be imprisoned not exceeding six months in the county jail.''

In defense to this indictment the plaintiff in error pleaded a former conviction under the provisions of section 1511 of Code 1858 (Shannon's section 2566), which reads as follows:

''All justices of the peace, sheriffs, coroners, and constables are required to arrest immediately any person in their knowledge or observation disturbing a congregation assembled for public worship, or violating any rule or regulation adopted by such denomination for their own government, or the preservation of good order. Such persons shall be fined by the justice before whom brought not exceeding five dollars, or be bound over for his appearance at court, to be proceeded against as a rioter, for the offense.''

The circuit judge overruled this plea of former conviction made by the plaintiff in error, and he was put to trial upon the indictment, with the result above stated. He has appealed to this court, and here insists that the offense for which he was convicted before the justice of the peace is the same as that on which he was convicted in this case, and that by virtue thereof he is entitled to an acquittal of the present charge.

The record presents for determination the questions pretermitted by this court in the case of *State* v. *Layne,* 96 Tenn., 674, 36 S. W., 392, wherein the court said:

''Pretermitting all questions as to whether or not the offense is embraced in that section [section 1511 of the

Code] and in section 4853 are the same, and as to whether or not, if they are the same, the provision of the former section that the justice may fine the offender 'not exceeding five dollars' was superseded by the subsequent provision of the latter section that 'he shall be fined not less than twenty nor more than two hundred dollars,' etc., it is entirely sufficient for the refutation of that insistence, and for all present purposes, to say that the former provision is not applicable, and cannot be made available under the pleadings in this case.''

In the case just referred to defendant had been previously convicted before a justice of the peace under the same provision of the Code that he was indicted under, and therefore it was held that he could not rely to defeat the indictment to which he pleaded a former conviction of the same offense and under the same statute, since in his former conviction he had not been given the minimum fine prescribed by the statute under which he was convicted.

If the offenses defined in these two sections of the Code are the same, and that portion of section 1511 fixing the maximum fine at $5 is in force, then it is manifest that the plea of the plaintiff in error in this case was improperly overruled.

The substance of the offenses charged in the two sections of the Code is ''disturbing public worship.'' A person could not violate the provisions of section 1511 without violating the provisions of section 4853; neither could he violate the provisions of section 4853 without violating the provisions of section 1511.

Dagley v. State.

We are unable to make the distinction suggested by the attorney general, that the offense embraced in section 1511 is different to the offense embraced in section 4853 by reason of the language of the former section requiring officers to arrest persons disturbing a congregation assembled for the purpose of public worship "in their knowledge or observation." These words relate to the method of procedure rather than to a designation of the offense. The offense is the same whether it is committed within the knowledge or observation of an officer or not. Any person disturbing a congregation assembled for public worship would fall within the provision of section 4853 whether the acts were committed in the knowledge or observation of an officer or not. Neither can we conclude that a person arrested and convicted for disturbing a congregation assembled for religious worship under section 1511 could be properly convicted under section 4853, although the offense was not committed in the knowledge or observation of the arresting officer, if the provision of section 1511 with respect to the amount of the fine is to be considered as in full force and effect.

We come therefore to consider whether or not there is such irreconcilable conflict between the provisions of the two statutes with respect to the amount of the fine as that both cannot stand, and, if not, which one shall stand.

A correct history of the legislation embraced in these two statutes will be found in the opinion in the Layne Case. There we learn that section 1511 of the Code is practically a compilation of chapter 35 of the acts of

1801 and chapter 60 of the acts of 1815. The former act provided:

"That if any person shall interrupt a congregation assembled for the purpose of worshipping the Deity, such person shall be dealt with as a rioter at common law."

Sections 1 and 2 of the act of 1815 are in the following language:

"1. It shall be the duty of all justices of the peace, in this state and they are hereby severally required to observe the same, that whenever any wicked or disorderly person or persons, shall either by words or gestures, or in any other manner whatsoever disturb any congregation which may have assembled themselves together for the purpose of worshipping Almighty God, or who shall encourage, aid or assist in such disturbance, to the violation of any rule or regulation, which may have been adopted by them for their own government, and good order: Provided, such rule or regulation, be previously made public whether such offenses may have been committed within the presence of said justices of the peace while said congregation is so assembled or may come to their knowledge by information of others, shall immediately cause such offender or offenders to be apprehended and brought before them or some other justice of the peace for the county in which such offense may be committed, who shall on the proof of the offense, fine them not exceeding five dollars, or bind them in sufficient security for their appearance at the next circuit or county court, where they shall be proceeded against according to the provisions of the act [of 1801, chapter 35].

''2. It shall be the duty of all coroners, sheriffs, and constables, whenever any offense may be committed within the meaning of this act, against the rules or regulations of any worshipping assembly, or to the disturbance or annoyance thereof, and which may happen within their own knowledge, or observation, they are hereby authorized and required forthwith to bring such offenders before some justice or justices of the peace, for the county, there to be dealt with as required by the first section of this act.''

The compilers of the Code of 1858 consolidated these provisions of the Acts of 1801 and 1815 and carried them into the Code as section 1511 in the language which we have heretofore quoted.

The provisions of section 4853 became the law for the first time by the enactment of the Code of 1858.

It is quite manifest we think that there is irreconcilable conflict between the provisions of the two sections of the Code with respect to the punishment prescribed for the violation of the offense. Other provisions of the two sections may very well stand. Section 1511 deals with the duties of public officers with respect to arresting and bringing to trial offenders against or disturbers of religious assemblies. Section 4853 does not deal with that subject, but it does specifically provide that the offender shall be fined not less than $20 nor more than $200, and may also be imprisoned, not exceeding six months, in the county jail.

We recognize the well-established rule of interpretation of statutes *in pari materia;* that is, that they must be considered in connection with each other and be rec-

onciled, if the language will reasonably permit, and the further rule of construction that repeals by implication are not favored. Nevertheless where there are irreconcilable conflicts between two statutes on the same subject, one or the other, or both, must necessarily fail.

These two statutes having been brought into our Code at the same time, by the same act of legislature, there is of course no express repeal by one of the other, and if one is repealed it must be by implication. *Bennett* v. *State,* 2 Yerg., 472; *Bailey* v. *Drane,* 96 Tenn., 16, 33 S. W., 573.

"The test always is," as said by the court in the Bennett case, "did the legislature intend by the latter statute to repeal the former."

In the case of *Roberts* v. *State,* 2 Overt., 425, the court, dealing with statutes providing different punishments for the same offense, said:

"To effect a repeal, it is not necessary that the latter statute should have an express repealing clause; if it be a legislation upon the same subject, and contain different or inconsistent provisions, it operates as a repeal. And as it regards the case now before the court, the doctrine seems to be well settled in many cases to be found in the books.

"It is a doctrine, to the correctness of which we know of no exception in any of the reported cases, that in all cases where a statute creates a different punishment, the former mode is thereby repealed and the rule operates whether the punishment thus altered, is diminished or increased. 6 Bac. Abr. (Am. Ed.), 372; 1 Leach, 306. 4 Burr, 2086."

In that case the court was dealing with the statute of 1799 (Acts 1799, chapter 20), which prescribed death as punishment to be inflicted on those guilty of horse stealing, and the statute of 1807 (Acts 1807, chapter 73, section 4), which provided that a person guilty of horse stealing should receive on his or her bare back a number of lashes, not exceeding thirty-nine, and be imprisoned at the discretion of the court for not less than six months and not more than two years, should sit in the pillory two hours on three different days, and should be rendered infamous—and be branded with the letters H. F. in such manner and on such part of the person as the court shall direct. Although there was no repealing clause in the latter act, the court held that it did repeal by implication the act of 1799.

In the case of *Taylor* v. *State,* 7 Humph., 510, the defendant was indicted for selling spirituous liquors to a negro slave without a written permission from his owner. The defendant demurred to the indictment upon the ground that the charge of selling spirituous liquors to a slave without written permission of his owner was brought under chapter 74 of the Act of 1829, whereas chapter 141 of the Acts of 1841-42 provides that no person shall sell intoxicating liquors in any quantity to a slave without permission from his owner." The latter statute enlarges the prohibition of the act of 1829 and increases the punishment. The court said, with respect to the repeal of the former act by the latter act:

"Now this statute enlarges the prohibition of the act of 1829, and increases the punishment. Upon principles of construction, then, the act of 1842 necessarily repeals

the act of 1829, and no bill of indictment can now be preferred under the act of 1829.''

The present case falls clearly within the doctrine of the cases just referred to. Section 4853 fixes the minimum penalty larger than the maximum penalty prescribed by section 1511 for the same offense. Both statutes cannot stand.

The only difficulty in determining which of the two statutes shall stand grows out of the fact that both statutes were brought into the Code of 1858, which Code was adopted by one act. We find, however, that section 1511 is practically a compilation of previous acts of the legislature, whereas section 4853 came into force for the first time by the enactment of the Code. Under these facts section 4853 is the latest expression of the legislature on the subject. *Adkins* v. *Arnold* 238 U. S., 417, 35 Sup. Ct., 118, 59 L. Ed., p. 294.

It results, therefore, that the punishment prescribed by section 1511 of the Code is by implication repealed by section 4853, and, as the judgment pleaded as a former conviction imposed a fine less than the minimum fixed by section 4853, that judgment cannot be successfully pleaded in bar of the indictment in this case. *State* v. *Layne, supra.*

The judgment of the circuit court is therefore affirmed.