*Supp. 26 Opinion
COLE, P. J.
In each of these cases the defendant was charged with violating Health and Safety Code section 11550 and pleaded, guilty or nolo contendere to the charge. The section provides for a mandatory 90-day minimum sentence, whether imposed directly or as a condition of probation, and states that “In no event does th¿ court have the power to absolve a person who violates this section from the obligation of spending at least 90 days in confinement in the county jail.” In each of the cases, however, the trial court sentenced the defendants to the county jail and then suspended sentence, placing the defendants on probation on varying conditions, none of which included a jail term as long as 90 days. The People have appealed in each case from “the order of the court absolving the defendant from the obligation of spending at least 90 days in confinement in the county jail.”

Appealability

Since the sole ground urged by the People is that the trial courts imposed sentences which are in violation of the statute, defendants argue that no appeal lies. First, they assert that Penal Code section 1466, subdivision 1, which lists the instances where the People may appeal from the municipal courts in criminal cases, does not authorize appeals from sentences. The defendants in these cases are in error. In contrast to other cases where trial courts have imposed sentences of incarceration in the county jail, without suspending execution of the sentence (in which instance the People may not appeal—People v. Ventura (1978) ante, page 8 [148 Cal.Rptr. 581]), here the sentences were suspended and then an order was made placing the defendants on probation. In such a situation the order suspending the already imposed sentence and placing the defendant on probation is an order made after judgment affecting the substantial rights of the People and is made appealable by Penal Code section 1466, subdivision 1(e). (People v. Warner (1978) 20 Cal.3d 678, 682, fn. 1 [143 Cal.Rptr. 885, 574 P.2d 1237]; People v. Mendevil (1978) 81 Cal.App.3d 84, 88 [146 Cal.Rptr. 65]; People v. Holly (1976) 62 Cal.App.3d 797, 801-802 [133 Cal.Rptr. 331]; People v. Villegas (1971) 14 Cal.App.3d 700, 703 [92 Cal.Rptr. 663]; People v. Orrante (1962) 201 Cal.App.2d 553, 556 [20 Cal.Rptr. 480]; see People v. Beasley (1970) 5 Cal.App.3d 617, 630 [85 Cal.Rptr. 501].)

*Supp. 27
Double Jeopardy

The defendants argue further, however, that if the People succeed on appeal the defendants will face the prospect of increased punishment and further prosecution. Thus it is contended that the proscription of double jeopardy precludes maintenance of these appeals.
The argument is not well taken because the double jeopardy concept simply does not apply in this situation. We start with the reminder that Health and Safety Code section 11550 expressly states that the court has no power to avoid sentencing a defendant convicted of violating that statute to 90 days in jail. The sentence imposed is void and the trial court is free to impose the legally required sentence. “Authority is ample that when the sentence is beyond the power of the court to impose it is void and the court has the power at a later time to impose the legally provided sentence. . . .” (In re Robinson (1956) 142 Cal.App.2d 484, 486 [298 P.2d 656], (See Kennedy v. United States (9th Cir. 1964) 330 F.2d 26, 29.)[1]
The courts have spoken on this issue before. In Bozza v. United States (1947) 330 U.S. 160, 166-167 [91 L.Ed. 818, 822, 67 S.Ct. 645], the statute required that the court impose a minimum mandatory fine and imprisonment. The trial court instead gave defendant only a prison sentence. The error being called to its attention, it recalled defendant the same day and added the fine to the sentence. The court rejected a double jeopardy claim stating th^t “the Constitution does not require that sentencing should be a game in which a wrong move by a judge means immunity for the prisoner. . . .” (Ibid.)
The Bozza principles were expressly followed and applied in Hayes v. United States (D.C.Cir. 1957) 249 F.2d 516. There a defendant was also sentenced to less than the minimum imprisonment required by statute. The Hayes court, too, rejected a double jeopardy claim. It held (249 F.2d at pp. 517-518): “We are persuaded also that a sentence which does not conform with the applicable statute may be corrected though defendant has not appealed from the judgment embodying the invalid sentence, has begun to serve it, and steps to correct it are not initiated by him but by the Government. This is such a case. . . .”
*Supp. 28 The same result was reached in Mathes v. United States (9th Cir. 1958) 254 F.2d 938. There, as part of an agreement with defendant—incidentally, as here, without the prosecutor’s consent—the court sentenced defendant on each of two counts to two years in prison and suspended the sentence when the statute required a five-year mandatory minimum sentence. The error being called to its attention, the trial court resentenced defendant to serve five years, first having given him an opportunity to withdraw his not guilty plea. Affirming the resentencing order and citing Bozza v. United States, supra, the court said: “It is well settled that a sentence which does not comply with the letter of the criminal statute is not only erroneous blit void. Where such an erroneous sentence is imposed by the trial court, it may be corrected in conformity with the provisions of the Statute, and the Appellant would not be placed in double jeopardy by so correcting it.” (254 F.2d at p. 939.) Similar results were reached in Dagley v. State (1921) 144 Tenn. 501 [234 S.W. 333] and in State v. Layne (1896) 96 Tenn. 668 [36 S.W. 390]. In Layne a fine was imposed that was less than the statutory minimum. In holding that a second prosecution would lie at which the higher fine was imposed, the Tennessee Supreme Court said (36 S.W. at p. 391): “. . . The plea, [of former conviction] to be good, must not only aver that the defendant was fined, and the amount of the fine, but the amount of the fine must appear to be such as the justice was authorized to impose in the particular case. The reverse appears in the plea before us. The minimum fine authorized by the statute ... is $20; hence the judgment for a less sum was coram non judice and void. There was no authority whatever for the judgment actually rendered, and as a consequence that judgment was an absolute nullity, and, being so, could afford the defendant no advantage or protection in a subsequent prosecution for the same offense. . . .” (Italics supplied.)
In People v. Taylor (1971) 15 Cal.App.3d 349 [93 Cal.Rptr. 257], a defendant was convicted of attempted grand theft and of assault with a deadly weapon. The trial court sentenced defendant to serve time in the county jail on the assault count. No sentence at all was imposed on the attempted grand theft count. In a prior appeal by defendant the Court of Appeal had affirmed the conviction and remanded with the express direction that the trial court correct the error by imposing a sentence on the attempted grand theft count. The trial court did so, sentencing defendant to state prison. Defendant again appealed. The Court of Appeal rejected his contention that he was placed in double jeopardy by a second resentencing hearing, citing among other cases Bozza v. United States, supra, 330 U.S. 160 and Hayes v. United States, supra, 249 F.2d 516. The *Supp. 29 court held that it was clear that a sentencing error may be corrected without placing defendant in double jeopardy. (15 Cal.App.3d at p. 354.)
We note also that in several cases the People have been successful in appeal from matters involving sentencing where the ultimate result was the likelihood that the unsuccessful defendant-respondent would be subject to increased punishment. While the applicability of double jeopardy aspects was not discussed in these cases the fact that the courts contemplated the possibility of increased punishment at the least illustrates that we do not plow new ground here. (People v. Warner, supra, 20 Cal.3d 678; People v. Villegas, supra, 14 Cal.App.3d 700, 704-705; People v. Beasley, supra, 5 Cal.App.3d 617.)
In support of their double jeopardy argument the defendants rely on Ex Parte Lange (1873) 85 U.S. (18 Wall.) 163 [21 L.Ed. 872], The case is of no aid to them. In Lange a statute provided that an offense was punishable by one year in jail or a fine of $10 to $200. The court imposed a sentence of one year and $200. Defendant paid the $200 but complained of the illegal sentence. The court thereupon sentenced him to one year. The United States Supreme Court granted relief since double jeopardy principles prevent two punishments for the same offense and defendant had already been punished by payment of the fine. The United States Supreme Court itself distinguished Lange in Bozza v. United States, supra, 330 U.S. 160, 167, footnote 2 [91 L.Ed. 818, 822], noting that the petitioner in Lange “had paid his fine and therefore suffered punishment under a valid sentence” while in Bozza “the petitioner had not suffered any lawful punishment until the court had announced the full mandatory sentence of imprisonment and fine,” (italics in original).
Likewise, unavailing to defendants is People v. Thomas (1959) 52 Cal.2d 521 [342 P.2d 889]. The court was considering the problem of a defendant upon whom a valid sentence had been imposed without taking into account that a prior conviction had been alleged and proved. The issue before the court was whether the defendant had or had not commenced to serve his sentence so as to preclude the trial court on the afternoon of the day on which the sentence was imposed from increasing the punishment. The California Supreme Court cited Lange and other United States Supreme Court decisions for the proposition “that after execution of a valid sentence has commenced, the court cannot change it so as to increase punishment, even though the original sentence was erroneous. . .” (52 Cal.2d at p. 531; italics added), but also cited the aforementioned footnote 2 from Bozza v. United States to which we have *Supp. 30 just referred. It is clear that the distinction is between originally valid sentences as in Thomas and invalid or void sentences such as those involved here.
Defendants urge that their pleas were the product of bargains with the court for sentence and, in some instances, with the prosecution for dismissal of other charges. They urge that in the event this court reverses it would have to give them an opportunity to withdraw their pleas and this necessarily would require retrials barred by double jeopardy concepts in general and Penal Code section 1023 in particular.
In reply, the People argue strenuously that no plea bargains were involved, such a bargain requiring prosecutorial consent. (People v. West. (1970) 3 Cal.3d 595 [91 Cal.Rptr. 385, 471 P.2d 409]; People v. Orin (1975) 13 Cal.3d 937 [120 Cal.Rptr. 65, 533 P.2d 193].) We do not pause on this latter point. It is clear that the city attorneys prosecuting the various cases protested that the court was bound to sentence each defendant to 90 days at a minimum. It is also clear that the sentences in these cases were the product of colloquy between the court and defense counsel (at which the city attorney was present). It is immaterial that “This was not the common, and sometimes criticized, ‘negotiated plea.’ . . . .” (People v. Beasley, supra, 5 Cal.App.3d 617, 624, fn. 3.) The trial judge, as well as the prosecuting attorney is a representative of the public. (People v. Delles (1968) 69 Cal.2d 906, 910 [73 Cal.Rptr. 389, 447 P.2d 629].) From the defendant’s point of view since the judge is in a position to overrule the prosecutor’s objections, when a plea is entered into on the basis of the court’s promise to impose a certain sentence, the People must be bound by it to the same extent as if it were a regular plea bargain.
Elemental fairness requires that in the circumstances shown here we follow the same course adopted in Beasley. There the court said, (5 Cal.App.3d at p. 639): “The present posture of this case results from an illegal ‘package disposition’ arranged between the judge and defense counsel. While ordinarily one may not complain of a result brought on by himself, the fact nevertheless remains that each defendant has now served time on the convictions following his guilty pleas. The fairest and most just solution of the problem before us would be the restoration of all parties, as nearly as possible, to the positions held prior to the entry of the guilty pleas. This would allow resumption of the action on all counts, untrammeled by the procedural snarls we have encountered in the record. But such a result must depend upon the voluntaiy withdrawal by defendants of their guilty pleas. A somewhat similar disposition was *Supp. 31 permitted in People v. Delies, supra, 69 Cal.2d 906, 910-911. If defendants or either of them shall so elect to withdraw the guilty pleas, they may do so. If they or either of them shall thereafter be convicted and sentenced on the charges to which they had previously pleaded guilty, credit for any time served thereon is required by Penal Code section 2900.1.” People v. Beasley, supra, 5 Cal.App.3d 617, 624, 639.
In sum, on the issue of appealability and double jeopardy, the sentences imposed here were beyond the power of the courts. (Health & Saf. Code, § 11550.) Accordingly, the sentences are void, and the court at a later time may impose the legally provided sentences. (In re Robinson, supra, 142 Cal.App.2d 484, 486.) Double jeopardy principles do not apply. (Bozza v. United States, supra, 330 U.S. 160, 167 [91 L.Ed. 818, 822]; Hayes v. United States, supra, 249 F.2d 516, 517, 518; Mathes v. United States, supra, 254 F.2d 938. See People v. Taylor, supra, 15 Cal.App.3d 349; Kennedy v. United States, supra, 330 F.2d 26, 29.)[2]
We note that in Mathes v. United States, supra, before imposing the increased sentence on the defendant there, the trial court gave him an opportunity (which was rejected) to withdraw the plea of guilty which defendant had entered pursuant to an understanding with the court that he was going to be placed on probation. An opportunity to withdraw the plea was likewise the preferred disposition in Beasley, as noted above.
For these reasons our order will, in all fairness, give each defendant the opportunity to vacate his or her guilty or nolo contendere plea.

Other Constitutional Contentions

Additional arguments in favor of affirmance are made by all or some of the defendant-respondents. We reject them for the reasons stated:
Cruel and unusual punishment—All of the respondents urge that the provisions of Health and Safety Code requiring a mandatoiy 90-day jail *Supp. 32 sentence, or in the event of probation a mandatory 90-day jail term as a condition of probation constitute cruel and unusual punishment. This court has twice so held, and we adhere to that view.[3] Our holdings were, in some of the cases here being considered, relied upon by the trial courts to support -their decisions. In other instances the trial judges expressed their own opinion that the 90-day provisions of the statute were unconstitutional. Despite our prior holdings, we are bound to reject the arguments made in these present cases. Courts higher on the judicial ladder than this court have held that the'challenged provisions of the statute do not constitute cruel and unusual punishment nor violate the equal protection rights of defendants subject to the provision.[4] (Bosco v. Justice Court (1978) 77 Cal.App.3d 179 [143 Cal.Rptr. 468]; Smith v. Municipal Court (1978) 78 Cal.App.3d 592 [144 Cal.Rptr. 504].) We are bound by those holdings. (Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)
Due process of law—The trial court sentences here at issue were imposed after the decision of this court in People v. Saenz, footnote 3, supra, and prior to finality of the decision in Bosco v. Justice Court, supra. Respondents argue that the decisions were made under law valid at the time (our Saenz decision, which had become final) and that to apply the holding of Bosco is to increase a penalty retroactively. While the argument is ingenious it is without merit. This is not a case of legislative repeal and reenactment of a statute imposing punishment, to which ex post facto arguments might apply. And it is not a case of retroactively increasing punishments, since section 11550 of the Health and Safety Code has not been amended at all. As the People remind us, “[t]he law is settled that there is no constitutional objection to an appellate court’s making a choice for itself, in overruling an earlier decision, whether the new rule declared by it shall operate prospectively only or apply retrospectively. [Citations omitted.] [¶] The determination by the *Supp. 33 court is dependent upon the equities in each case. It is the general rule that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation and that the effect is not that the former decision was bad law but that it never was the law. . . .” (County of Los Angeles v. Faus (1957) 48 Cal.2d 672, 680-681 [312 P.2d 680]; italics added.) While the Bosco and Smith decisions did not directly overrule our Saenz decision, the applicable principle is no different.[5]
Separation of powers—It is argued that the 90-day mandatory minimum provision of the statute, with respect to probationary orders violates the concept of separation of powers. The argument is that the decision to grant probation is a judicial function (People v. Superior Court (On Tai Ho) (1974) 11 Cal.3d 59, 66 [113 Cal.Rptr. 21, 520 P.2d 405]) and that an inseparable part of that function is the imposition of appropriate conditions. Accordingly we are told that the Legislature cannot tell the courts that a 90-day mandatory minimum jail term must be a condition of probation. We think one of the cases relied upon by the respondents who raise this issue is decisive against the argument. In People v. Navarro (1972) 7 Cal.3d 248 [102 Cal.Rptr. 137, 497 P.2d 481] the court struck down as unconstitutional a statutory provision requiring concurrence of the prosecutor before certain defendants could be committed to a narcotics rehabilitation center. In so doing the court said (at pp. 258-259): “Defining offenses and prescribing punishments (mandatory or alternative choices) are legislative functions designed to achieve legitimate legislative goals and objectives. The imposition of sentence and the exercise of sentencing discretion are fundamentally and inherently judicial functions. [Citation omitted.] Section 12 of the Penal Code recognizes this in its declaration that ‘The several sections of this code which declare certain crimes to be punishable as therein mentioned, devolve a duty upon the court authorized to pass sentence, to determine and impose the punishment prescribed.’ The Legislature may impose restrictions upon the exercise of that function (i.e., mandatoiy consideration of probation report, reception of evidence in mitigation or aggravation of punishment, Pen. Code, §§ 1203d, 1204). It may limit the use of prescribed sanctions (sentences) to ‘unusual cases, wherein the interest of justice would best be served, . . .’ [If] When an individual judge exercises sentencing discretion he exercises a judicial power which must be based *Supp. 34 upon an examination of the circumstances of the particular case before him, and which is subject to review for abuse. ... [¶] We reiterate the statement made by Justice Schauer in his dissent in People v. Sidener (1962) 58 Cal.2d 645, 654 . . ., in his analysis of the separation of powers doctrine, that ‘It bears reiteration that the Legislature, of course, by general laws can control eligibility for probation, parole and the term of imprisonment, but it cannot abort the judicial process by subjecting a judge to the- control of the district attorney.’ . . .” (Underscoring ours; italics in original.)
Miscellaneous contentions—We have considered the arguments of one respondent (Palacio; Crim. A No. 16055) that the 90-day mandatory minimum seeks only to protect the public and does not fulfill the state’s interest in respondent’s rehabilitation. We reject the argument without further discussion. The argument that this respondent spent time in a half-way house and that such time must be credited toward the sentence (Pen. Code, § 2900.5) is both premature and not supported by the record.
The orders appealed from are reversed. The trial court is directed, in each case, to allow the defendant to withdraw the plea previously entered if the defendant so desires. Upon resentencing, either after a defendant declines to withdraw the prior plea or in the event of conviction following retrial full credit is to be given for all time served under the void sentencing orders here reversed.
Pacht, J., and Ibáñez, J., concurred.

“It is a generally accepted principle . . . that the defense of former jeopardy cannot be based on a plea of guilty entered before a court not having the requisite jurisdiction.” (Annot. 75 A.L.R.2d 683, 696, § 5, Plea of Guilty as Basis for Claim of Double Jeopardy.)

We need not decide an additional argument against double jeopardy presented by the People. That argument states that it is true that where a defendant’s guilty plea has been entered upon the record of a court, the defendant stands convicted without trial and such a conviction is a good defense upon a plea of the former conviction if the defendant is again charged with the same offense. The argument points out that it is also true that the rule that a guilty plea constitutes jeopardy does not apply in the situation where there is no new charge for the same crime but only a continuing proceeding on the initial charge. (See People v. Thompson (1970) 10 Cal.App.3d 129, 137 [88 Cal.Rptr. 753]; State v. Blackwell (1958) 65 Nev. 405 [198 P.2d 280, 284].) Here, it is urged we only have such a continued proceeding.

The first of our holdings was in People v. Saenz, Crim. A. No. 14951. We did not certify this opinion for publication in the Official Reports, but did certify it for transfer to the Court of Appeal under California Rules of Court, rule 63(a). That court (Second Dist., Div. One) denied transfer. A subsequent request to the Supreme Court under rule 978, asking that the opinion be published, was denied by a four-to-three vote.
Our second opinion on this subject was in People v. Washington, Crim. A No. 14225 and Crim. A No. 14226. This opinion was certified for publication in the Official Reports. The Court of Appeal ordered the matter transferred to itself (Second Dist., Div. Four) pursuant to rule 62(a). That court, in an unpublished opinion, thereafter affirmed the convictions of appellant, holding that he was not affected by the 90-day mandatory minimum since in 1 of his 2 cases the court sentenced him to a greater term.

We thus reject the equal protection argument made by respondent Taylor in Crim. A No. 16271, one of the cases covered by this opinion.

Since the validity of California Rules of Court, rule 977, forbidding citation of unpublished opinions, is presented in one case transferred by the Court of Appeal to itself from this court and now pending in the Court of Appeal, we do not discuss the effect, if any, on the issue presented here of the fact that our Saenz decision, while final, was not published in the Official Reports.