[Civ. No. 26051. Second Dist., Div. Three. Jan. 19, 1962.]

THE PEOPLE, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; IGNACIO GUERRERO, Real Party in Interest.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, William B. McKesson, District At-

torney, Harry Wood and Harry B. Sondheim, Deputy District Attorneys, for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Assistant County Counsel, for Respondent.

Nick N. Mrakich for Real Party in Interest.

Al Matthews as Amicus Curiae on behalf of Real Party in Interest.

SHINN, P. J.— In Case No. 246193 in the Superior Court of Los Angeles County, Ignacio Guerrero, charged with murder, pleaded guilty to murder of the first degree. Following the filing of a probation report, the court suspended imposition of sentence and granted Guerrero probation, one of the terms thereof being that he serve 150 days in the county jail. The state moved the court to vacate the order granting probation and to impose sentence according to law. The motion was denied, and the state instituted the present proceeding in mandate, seeking annulment of the order and requiring the court to impose sentence upon Guerrero. The relief is sought upon the ground that the trial court was without jurisdiction to grant probation or to do otherwise than impose sentence as for murder of the first degree. Opposition to the petition of the state has been filed by Guerrero and the respondent court. We agree with the contention of the district attorney and the Attorney General that the order sought to be annulled was in excess of the court's jurisdiction and void. Although the circumstances of the killing, in which the victim was shot to death, are of no materiality, it may be mentioned that all the elements of first degree murder were present.

 Mandate is an appropriate proceeding. The order in question was not an order made after judgment for which an appeal by the People would be allowable under section 1238 of the Penal Code. Since the order is nonappealable it may be attacked by a proceeding in mandate. (*Andrews* v. *Superior Court*, 29 Cal.2d 208 [174 P.2d 313] ; *People* v. *Superior Court*, 118 Cal.App.2d 700 [258 P.2d 1087].)

The law with respect to the granting of probation which calls for our consideration is found in section 1203 of the Penal Code. Authority is vested in the court to grant probation except in those cases in which authority is specifically withheld. The question is whether the court is denied the power to grant probation to one convicted by a plea of guilty, or by judgment, of the crime of murder.

The trial court acted upon an interpretation of a revision of section 1203 by Statutes 1957, chapter 2054, which the court construed as a grant of authority to extend probation to one convicted of murder.

We have set out in footnote 1 the pertinent provisions of the revision in chapter 2054, effective July 10, 1957. Those provisions are found in two paragraphs.[1] The paragraph which we designate in the note as paragraph 3 was added to the section. The remainder of the amended section which is involved in our inquiry is set out as paragraph 4. This paragraph reenacts section 1203 without material change, except by the deletion of the crimes of robbery, burglary and arson, which were made the subject of special treatment in the paragraph we have numbered 3.

As the law stood before paragraph 3 was added, robbery, burglary and arson were included among the offenses, committed under certain conditions, for which probation could not be granted. The other crimes in this group were burglary with explosives, rape with force or violence, arson, murder, assault with intent to commit murder, attempt to commit murder, train wrecking, kidnaping, escape from a state prison.

Generally speaking, probation could not be granted for any of the crimes of this group if (1) in the commission of the crime or at the time of arrest the person was himself unlawfully armed with a deadly weapon, (2) if he used or attempted

---

[1](Paragraph 3) ''The Legislature hereby expresses the policy of the people of the State of California to be that, except in unusual cases where the interest of justice demands a departure from the declared policy, no judge shall grant probation to any person who shall have been convicted of robbery, burglary or arson, and who at the time of the perpetration of said crime or any of them or at the time of his arrest was himself armed with a deadly weapon (unless at the time he had a lawful right to carry the same), nor to a defendant who used or attempted to use a deadly weapon upon a human being in connection with the perpetration of the crime of which he was convicted, nor to one who in the perpetration of the crime of which he was convicted wilfully inflicted great bodily injury or torture, nor to any such person unless the court shall be satisfied that he has never been previously convicted of a felony in this State nor previously convicted in any other place of a public offense which would have been a felony if committed in this State.''

(Paragraph 4) ''Probation shall not be granted to any person who shall have been convicted of burglary with explosives, rape with force or violence, murder, assault with intent to commit murder, attempt to commit murder, train wrecking, kidnaping, escape from a state prison, conspiracy to commit any one or more of the aforementioned felonies, and who at the time of the perpetration of said crime or any of them or at the time of his arrest was himself armed with a deadly weapon (unless at the time he had a lawful right to carry the same), nor to a defendant who used or attempted to use a deadly weapon upon a human

to use a deadly weapon upon a human being in perpetration of the crime, (3) if he inflicted great bodily injury or torture, or (4) if he had *twice* been convicted of felony.

There was another group consisting of the above enumerated crimes, also burglary of the first degree, extortion and violation of sections 286, 288 and 288a of the Penal Code. As to this group, it was provided that one prior conviction of felony would bar probation.

By paragraph 3, robbery, burglary (even of the first degree) and arson were specified as crimes for which probation may be granted in unusual cases in the interest of justice in the above conditions (1), (2) and (3). As to the fourth condition, *one* previous felony conviction was substituted for *two* convictions. As previously stated, the crimes of robbery, burglary (even of the first degree) and arson were removed from the categories of crimes listed in paragraph 4, for which probation could not be granted.

The trial court construed the clauses in paragraph 3 commencing with "nor to a defendant" (who used a deadly weapon) and "nor to one who" (inflicted great bodily injury or torture) as applicable to all crimes, and not merely to robbery, burglary and arson. Thus, in the view of the trial court, it was the intention of the Legislature that there should be no crime, even the crime of murder, for which probation could not be granted in unusual cases. It is argued for the

---

being in connection with the perpetration of the crime of which he was convicted, nor to one who in the perpetration of the crime of which he was convicted wilfully inflicted great bodily injury or torture, nor to any defendant unless the court shall be satisfied that he has not been twice previously convicted of felony in this State nor twice previously convicted in any other place or places of public offenses which would have been felonies if committed in this State; nor to any *defendant* convicted of the crime of burglary with explosives, rape with force or violence, murder, attempt to commit murder, assault with intent to commit murder, train wrecking, extortion, kidnaping, escape from a state prison, violation of Sections 286, 288 or 288a of this code, or conspiracy to commit any one or more of the aforesaid felonies, unless the court shall be satisfied that he has never been previously convicted of a felony in this State nor previously convicted in any other place of a public offense which would have been a felony if committed in this State; nor to any defendant unless the court shall be satisfied that he has never been previously convicted of a felony in this State nor convicted in any other place of a public offense which would have been a felony if committed in this State and at the time of the perpetration of *said previous offense* or at the time of his arrest for said previous offense he was himself armed with a deadly weapon (unless at the time he had a lawful right to carry the same) or he personally used or attempted to use a deadly weapon upon a human being in connection with the perpetration of said previous offense or in the perpetration of said previous offense he wilfully inflicted great bodily injury or torture; . . ."

respondent court, and for Guerrero, that these clauses are comprehensive and clearly have application to all crimes, including those listed in paragraph 4.

This interpretation of the legislative intent is erroneous for a number of reasons.

It is clear that if the Legislature had intended to grant the court power to extend probation for all crimes for which it had previously been denied the power, it would have made the exception applicable to all crimes by a clear statement, and would not have singled out the crimes of robbery, burglary and arson as a class of crimes for which special provisions should be made; the exception applicable to unusual cases would have been placed at the beginning of paragraph 4, and there would have been no paragraph 3. It cannot be inferred that the Legislature intended to do indirectly what it refrained from doing directly.

It is a cardinal rule of interpretation that a statute be read as a whole and in a manner that will reconcile and give effect to all its provisions. (Code Civ. Proc., § 1858.) Paragraphs 3 and 4 must be read together, bearing in mind that they were intended to set forth a single and complete plan for administration of the powers of the court to grant probation under section 1203.

The interpretation applied by the trial court would bring the provisions of paragraph 3 in direct conflict with those of paragraph 4 as to all crimes listed in paragraph 4. Under paragraph 4, the courts cannot grant probation for the enumerated crimes, committed under certain conditions. No exception is made for unusual cases. If the clauses of paragraph 3, first mentioned, applied to all crimes, probation for murder could be granted under paragraph 3 in an unusual case, whereas it would have to be denied under paragraph 4. This apparent conflict should be avoided, if reasonably possible, and can be avoided by interpreting paragraph 3 as applicable only to robbery, burglary and arson, which, clearly, is the case.

Another reason is that the clauses in question were placed in paragraph 3 merely to make it clear that in unusual cases of robbery, burglary and arson probation may be granted in conditions in which it had theretofore been denied. If the clauses relating to the use of a deadly weapon and the infliction of great bodily injury or torture had been omitted from paragraph 3 there would have been reason to doubt that it was intended that probation should be granted in cases of robbery,

burglary or arson under those conditions, since it might also be contended that the use of a deadly weapon or the infliction of great bodily injury or torture would be a bar to probation under the general provisions of paragraph 4, relating to those conditions, upon which we express no opinion.

To be sure, the use of the words "in the perpetration of the crime of which he was convicted" was unfortunate. Instead, the phrases should have been made to read "in the perpetration of *any one of said crimes* of which he was convicted." That paragraph 3 was intended to relate only to the three named crimes appears from the words "*any such person*" who has suffered a previous felony conviction. The reference is to "*any person*" who has been convicted of robbery, burglary or arson, those persons being the ones for whom special provision was made.

The failure of the Legislature to express its intention as clearly as it might have done furnishes no ground for discovering in a word or two an intention to reverse, in its entirety, the long standing policy of the state to deny probation to those convicted of murder. One convicted of murder could never receive probation, since murder can never be committed without the infliction of great bodily injury.

There is another rule of interpretation that forbids the construction adopted by the trial court. Even if the clauses commencing "nor to a defendant" and "nor to one who," could be construed as referring to all crimes, it would be in general language. If they were the only terms used in the entire section they would, of course, include burglary with explosives, murder and all other crimes in that category. But these crimes are specifically listed in paragraph 4 as crimes for which probation may not be granted and would have to be deemed excluded from the general descriptive categories of paragraph 3 under the rule stated in *Rose* v. *State,* 19 Cal.2d 713 [123 P.2d 505], at page 723: "It is well settled, also, that a general provision is controlled by one that is special, the latter being treated as an exception to the former. A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates." (See also Code Civ. Proc., § 1859.) Under this rule the special provisions of paragraph 4 are controlling over the general language of paragraph 3, even under the broadest possible interpretation of the latter.

The legislative history of the 1957 amendment furnishes unimpeachable evidence that it was not the intention of the Legislature in amending section 1203 to permit the granting of probation for all crimes, including those for which the convicted person was ineligible for probation under existing law.

As a part of the 1957 legislative program of the State Bar an amendment was proposed, SB2279, which would have empowered the courts to grant probation in unusual cases and in the interest of justice for all crimes, particularly enumerating them, as they are listed in section 1203. (Senate Interim Judiciary Committee, 1955-1957, Legislative Council Fourth Progress Report to Legislature, p. 331.) The bill as proposed was considered and rejected. Instead it was amended by the addition of paragraph 3, which limits the power to grant probation to the crimes of robbery, burglary and arson in exceptional cases, and by deletion of those crimes from paragraph 4. The bill was passed as amended.

Recourse to legislative history is proper for the purpose of ascertaining the intent in enacting legislation where there is a question with respect to that intention. (*Estate of Ryan*, 21 Cal.2d 498 [133 P.2d 626]; *H. S. Mann Corp.* v. *Moody*, 144 Cal.App.2d 310 [301 P.2d 28].)

Rejection of the proposal to empower the courts to grant probation in unusual cases for all crimes and limitation of the power to cases of robbery, burglary and arson leaves no doubt as to the intention of the Legislature.

It is contended by respondent and Guerrero that ambiguities and uncertainties in criminal laws should be resolved in favor of the accused. A sufficient answer is that, properly interpreted, section 1203 contains no contradictions; properly construed, it denies the right to probation in cases of murder.

For the reasons stated, we hold that the order granting probation to Guerrero was in excess of jurisdiction and must be annulled.

Let a writ issue commanding the court to annul the order and to sentence Guerrero for murder of the first degree.

Ford, J., and Frampton, J. pro tem.,* concurred.

A petition for a rehearing was denied February 6, 1962, and the petition of the real party in interest for a hearing by the Supreme Court was denied March 14, 1962.

---

*Assigned by Chairman of Judicial Council.