[Crim. No. 18776. Second Dist., Div. Five. Jan. 26, 1971.]

THE PEOPLE, Plaintiff and Appellant, v.
TOMAS VILLEGAS, JR., Defendant and Respondent.

[Civ. No. 37280. Second Dist., Div. Five. Jan. 26, 1971.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
TOMAS VILLEGAS, JR., Real Party in Interest.

(Consolidated Cases.)

## COUNSEL

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Evelle J. Younger, District Attorney, Harry Wood and Harry B. Sondheim, Deputy District Attorneys, for Plaintiff and Appellant and for Petitioner.

No appearance for Respondent.

Richard S. Buckley, Public Defender, William Rasmussen and James L. McCormick, Deputy Public Defenders, for Defendant and Respondent and for Real Party in Interest.

## OPINION

**KAUS, P. J.**—Charged with murder, defendant was found guilty of voluntary manslaughter. The facts indicated that he killed a rival for the affections of his girl friend. The weapon was a screwdriver.

After the court found defendant guilty, he applied for probation. The probation report was apparently favorable in that it disclosed no prior record. At the probation hearing the court first expressed the erroneous view that defendant was eligible for probation (*People* v. *Wynn,* 257 Cal.App.2d 664, 676 [65 Cal.Rptr. 210]), even without a finding that his was an "unusual" case within the meaning of what is now the sixth unnumbered paragraph of section 1203 of the Penal Code.[1] It then announced that it would, nevertheless make a finding "that there were unusual circumstances in the situation which in any event would even justify probation for most of the matters which I have just listed in that . . . ." The deputy district attorney, who was evidently still mulling over the court's previous announcement that the defendant was eligible for probation even if his was not an unusual case, then directed the court's attention to the provision of the fifth paragraph of section 1203 which makes ineligible for probation anyone who "used or attempted to use a deadly weapon upon a human being in connection with the perpetration of the crime of which he was convicted." The court studied the Penal Code and then announced: "Without asking what the District Attorney's position would be in this situation, the Court will revoke its remarks with respect to the unusual circumstances and will make a finding that as a matter of law the offense of voluntary manslaughter is not within the included offenses for that which probation must be denied, and under those circumstances will continue its grant of probation. If the People object, the People may have a right of appeal."

Defendant was then placed on probation for a period of five years. One of the conditions of probation was that he spend 235 days in the county jail.

The People have not only appealed but have also petitioned for a writ of mandate. We granted the alternative writ.

The People pose two problems: 1. Whether appeal or mandate is the appropriate remedy to review what they submit is an illegal grant of probation; and 2. whether defendant was eligible for probation in the absence of a finding that his was an unusual case and concurrence by the district attorney. The defendant does not deny that the nature of the crime was such, as far as the law is concerned, that probation could only be granted

[1]Many of the leading decisions which interpret section 1203 of the Penal Code—for example *People* v. *Hogan,* 71 Cal.2d 888, 891-892 [80 Cal.Rptr. 28, 457 P.2d 868]; *People* v. *Alotis,* 60 Cal.2d 698, 702-704 [36 Cal.Rptr. 443, 388 P.2d 675]; and *People* v. *Orrante,* 201 Cal.App.2d 553, 559 [20 Cal.Rptr. 480]—were written before the Legislature, in 1969, inserted a new paragraph after the first paragraph. Therefore, what the court in *People* v. *Hogan, supra,* referred to as the fifth unnumbered paragraph is now the sixth unnumbered paragraph.

with the concurrence of the district attorney, as required by the sixth unnumbered paragraph, but claims: 1. that procedurally the People are not entitled to review by this court, either by appeal or by way of a writ of mandate; 2. that the provision requiring the concurrence of the district attorney is unconstitutional under the holding of *People* v. *Tenorio,* 3 Cal.3d 89 [89 Cal.Rptr. 249, 473 P.2d 993]; 3. that the trial court did, in fact, find this to be an unusual case; and 4. that if none of these contentions is valid, the case should be returned to the trial court for a determination whether the court's power under the sixth unnumbered paragraph of section 1203 of the Penal Code should be exercised.

■ We believe that the order placing defendant on probation is appealable under the provisions of subdivision (6) of section 1238 of the Penal Code. This was the precise holding of *People* v. *Orrante,* 201 Cal. App.2d 553, 556-558 [20 Cal.Rptr. 480], followed in *People* v. *Thatcher,* 255 Cal.App.2d 830, 831-832 [63 Cal.Rptr. 492].[2] *Orrante* held that where it is the imposition of sentence which is suspended, rather than the execution thereof, the People may appeal under subdivision (6) of section 1238 of the Penal Code, as from an order "modifying the verdict or finding by reducing the degree of the offense or *the punishment imposed."* (*People* v. *Orrante, supra,* 201 Cal.App.2d at pp. 556-557. Italics added.)

The People point out that *Orrante* and *Thatcher* cannot be reconciled with *People* v. *Superior Court (Guerrero)* 199 Cal.App.2d 303, 305 [18 Cal.Rptr. 557] where, in precisely the same procedural setting, the appellate court said: "Mandate is an appropriate proceeding. The order in question was not an order made after judgment for which an appeal by the People would be allowable under section 1238 of the Penal Code. Since the order is nonappealable it may be attacked by a proceeding in mandate. . . ."[3]

We believe that *Orrante* and *Thatcher* clearly state the better rule. It simply could not have been the intent of the Legislature that there should be a distinction with respect to the appealability of an order which erroneously grants probation, which depends on whether it is the imposition of the sentence or its execution which is suspended.

---

[2]There is no question that the People would have an appeal had the trial court imposed sentence, but suspended the execution thereof before granting probation. The order granting probation would then be "[a]n order made after judgment, affecting the substantial rights of the people." (Pen. Code, § 1238, subd. (5); *People* v. *Superior Court,* 118 Cal.App.2d 700, 703 [258 P.2d 1087].)

[3]Interestingly, although the *Orrante* court discussed the substantive holding of *People* v. *Superior Court,* 199 Cal.App.2d 303 [18 Cal.Rptr. 557], at some length, it did not mention the case in its discussion of the procedural problems. Possibly it felt that the case was weak authority, since the court evidently did not consider appealability under subdivision (6) of section 1238 of the Penal Code.

Defendant's argument that the People are not entitled to any review is based on the proposition that *People* v. *Superior Court* (*Guerrero*) 199 Cal. App.2d 303, is a correct holding on the point that the order is not appealable, but that, to the extent that it holds that mandate is available, it was impliedly disapproved in *People* v. *Superior Court* (*Howard*), 69 Cal.2d 491, 500-501 [72 Cal.Rptr. 330, 446 P.2d 138].

Since, in our view, the proper remedy is appeal, we need not decide whether *People* v. *Superior Court* (*Guerrero*) is at odds with *People* v. *Superior Court* (*Howard*). Strangely, the district attorney appears to feel that somehow *People* v. *Superior Court* (*Guerrero*) was strengthened by *People* v. *Superior Court* (*Howard*), because while the latter case mentions the former, together with several other cases in which the People had obtained relief by mandate, it disapproved several of those cases, but not *People* v. *Superior Court* (*Guerrero*). The problem is adequately solved by pointing out that in *People* v. *Superior Court* (*Howard*) the Supreme Court obviously did not consider the conflict between *Orrante-Thatcher* and *People* v. *Superior Court* (*Guerrero*).

■ We now turn to the merits. As noted, defendant concedes that voluntary manslaughter committed with a deadly weapon comes within what is now the unnumbered fifth paragraph of section 1203. He claims, however, that the provision requiring the district attorney's concurrence in the unnumbered sixth paragraph is unconstitutional in the light of *People* v. *Tenorio,* 3 Cal.3d 89 [89 Cal.Rptr. 249, 473 P.2d 993].

It seems to us that the question of the constitutionality of the sixth unnumbered paragraph of section 1203 is prematurely raised. Whether *Tenorio* applies here is a very fundamental question, involving considerations not quite the same as those which resulted in the *Tenorio* holding. We should not even attempt to decide the issue until it is presented in a case where the trial court had made a finding that it was dealing with an "unusual case" and the district attorney has refused to concur in the proposed grant of probation.

Nothing of the kind happened in this case. Whether or not the court did find defendant's case to be unusual, it never asked for the district attorney's concurrence. There is nothing to show that it will be denied. The trial deputy merely pointed out—very properly—that without his concurrence probation could not be granted.

The matter is therefore reversed and remanded to the trial court with instructions to order a current probation report (*People* v. *Rojas,* 57 Cal.2d 676, 682-683 [21 Cal.Rptr. 564, 371 P.2d 300]), to make a determination whether defendant's case is unusual and to ascertain whether the district

attorney concurs in the proposed grant of probation, if such determination is affirmative.

The judgment (order granting probation) is reversed. The alternative writ of mandate is discharged. The peremptory writ of mandate is denied.

Stephens, J., and Reppy, J., concurred.