[Crim. No. 31648. Second Dist., Div. Two. May 19, 1978.]

THE PEOPLE, Plaintiff and Appellant, v.
RICHARD ANTHONY MENDEVIL, Defendant and Respondent.

[Civ. No. 52032. Second Dist., Div. Two. May 19, 1978.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
RICHARD ANTHONY MENDEVIL, Real Party in Interest.

## COUNSEL

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Roderick W. Leonard, Deputy District Attorneys, for Plaintiff and Appellant and for Petitioner.

Wilbur F. Littlefield, Public Defender, Dennis A. Fischer, William Klump and Leighton A. Nugent, Deputy Public Defenders, for Defendant and Respondent and for Real Party in Interest.

No appearance for Respondent.

## OPINION

**BEACH, J.**—Respondent herein was convicted after a jury trial of violating Penal Code sections 12303 (possessing a bomb) and 12303.3 (recklessly possessing a destructive device in a public building). Although count 2 provides for greater punishment (both under the determinate sentencing law and the indeterminate sentencing law), the trial court stayed execution of the sentence as to count 2 until defendant finished his term on count 1 or until the time for appeal has passed, the stay to become permanent after the completion of sentences to count 1. The People appeal from the "order reducing the degree of . . . punishment imposed," citing Penal Code section 1238, subdivisions (a)(5) and (a)(6). The People have also filed a petition for writ of mandate seeking the same result, that is, that the trial court resentence respondent and stay the sentence on the less serious offense. We consolidated the appeal and the petition for writ of mandate.

CONTENTIONS ON APPEAL:

The People contend:

1. The order is appealable, and

2. The court should have stayed execution of the sentence on the less serious offense rather than the sentence on the more serious offense.

DISCUSSION:

1. *The order is appealable.*

The People have filed both an appeal and a petition for writ of mandate. Respondent does not argue that issue of appealability, but prays only in his brief that the petition for writ of mandate be denied. In light of the decision in *People* v. *Drake*, 19 Cal.3d 749 [139 Cal.Rptr. 720, 566 P.2d 622], we deem it appropriate to discuss the issue of appealability.

Penal Code section 1238, subdivision (a) provides in parts applicable here:

"(a) An appeal may be taken by the people from any of the following:

". . . . . . . . . . . . . . . . . . . .

"(5) An order made after judgment, affecting the substantial rights of the people.

"(6) An order modifying the verdict or finding by reducing the degree of the offense or the punishment imposed."

*People* v. *Drake, supra,* 19 Cal.3d 749, 754, reemphasizes " 'that except under certain limited circumstances the People shall have no right of appeal in criminal cases.' [Citation.]"; that the Legislature has struck a delicate balance in "choosing with some precision the situations" in which the People may appeal; therefore, the courts should not stretch the statutory language of Penal Code section 1238 to include situations beyond the statute's manifest meaning. (*People* v. *Drake, supra,* 19 Cal.3d at p. 758.)[1] The court there specifically concluded that "there is no statutory authorization [under any of the enumerated subsections of Penal Code section 1238, subdivision (a)] for an appeal by the People from an order under [Penal Code] section 1181, subdivision 6, which

---

[1]In *Drake, supra,* the trial court initially found defendant guilty of robbery in the first degree, but purported to modify that ruling by finding defendant guilty of grand theft as a lesser included offense in the crime of robbery.

modifies a verdict or finding to that of a lesser included offense . . . ." (*People* v. *Drake, supra,* 19 Cal.3d at p. 754.)

■ The matter at bench differs from *Drake* in that here the trial court's order is "an order made after judgment, affecting the substantial rights of the people." (Pen. Code, § 1238, subd. (a)(5); *People* v. *Holly,* 62 Cal.App.3d 797 [133 Cal.Rptr. 331].) *People* v. *Drake, supra,* 19 Cal.3d 749, did not consider or discuss orders made and appealed pursuant to Penal Code section 1238, subdivision (a)(5). ■ It appears the order at bench is also appealable as "an order modifying the . . . finding by reducing the . . . punishment imposed."[2] (Pen. Code, § 1238, subd. (a)(6); *People* v. *Villegas,* 14 Cal.App.3d 700 [92 Cal.Rptr. 663]; *People* v. *Thatcher,* 255 Cal.App.2d 830, 831-832 [63 Cal.Rptr. 492]; *People* v. *Orrante,* 201 Cal.App.2d 553, 556-558 [20 Cal.Rptr. 480].) ■ *People* v. *Holly, supra,* 62 Cal.App.3d 797, holds that an order suspending sentence on one of several counts, made pursuant to Penal Code section 654, is appealable. Subdivision (a)(5) of Penal Code section 1238 uses the words "after judgment." It is arguable that an order made pursuant to Penal Code section 654 is part of the judgment and does not "follow" it. However, we follow and apply the reasoning and explanation of *People* v. *Holly, supra,* 62 Cal.App.3d 797, wherein another division of this court explains that for the purposes of the application of section 654 it is necessary that there first be a judgment imposing sentences in order to have the execution of one of such sentences thereafter suspended. We believe that this is a fairer and more reasonable analysis. (In accord, *People* v. *Villegas, supra,* 14 Cal.App.3d at p. 703, fn. 2.) ■ In considering appealability under section 1238, subdivision (a)(6), *People* v. *Villegas, supra,* 14 Cal.App.3d 700, notes that it should not and does not make any difference in the matter of appealability if the sentence is pronounced and thereafter execution suspended or whether imposition of the sentence is suspended and then probation imposed, because in either case the granting of probation reduces the punishment imposed and hence makes the order appealable under Penal Code section 1238, subdivision (a)(6). (*People* v. *Villegas, supra,* 14 Cal.App.3d at p. 703.) In the matter at bench the punishment imposed[3] has been reduced from the most severe to the less severe.

---

[2]The People characterized the order as one "reducing the degree of punishment imposed." The word "degree" in the statute more reasonably appears to apply only to the word "offense."

[3]The "degree of . . . punishment imposed" as used in subdivision (a)(6) of Penal Code section 1238 is ambiguous. Whether this language refers to the punishment imposed by the court and thereafter changed, or whether it refers to the punishment as provided by

## 2. *The trial court did not exceed its jurisdiction in sentencing respondent.*

Both parties agree that respondent could not be punished under both counts 1 and 2 since both offenses involved the same act. Penal Code section 654 provides: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

■ While most trial courts and appellate courts, which at times have straightened out section 654 sentencing problems, have tended to stay execution on the less seriously punishable offense, section 654 does not require that. Rather, section 654 allows the trial court to exercise discretion and to punish under either of the provisions by which the act or omission is made punishable. (*People* v. *DeVaney,* 33 Cal.App.3d 630, 639 [109 Cal.Rptr. 276]; *People* v. *Wesley,* 10 Cal.App.3d 902, 911 [89 Cal.Rptr. 377].)

The order of the trial court is affirmed. The petition for writ of mandate presents the same substantive issue. We have decided that issue on the appeal and therefore the petition for writ of mandate served no additional useful purpose. Accordingly the petition for writ of mandate is denied.

Roth, P. J., and Fleming, J., concurred.

---

the statute for the particular offense, cannot be determined from merely reading the statute. *Villegas* seems to have accepted the second interpretation; there was in that case no punishment imposed by the court and then reduced. The court in *Villegas* was dealing with a summary grant of probation not with the imposition of any sentence and attendant stay of execution. On the other hand language in *People* v. *Drake, supra,* 19 Cal.3d 749, indicates the court takes the view that punishment imposed means punishment actually imposed by the court and which is subsequently reduced.

Although we predicate our decision on subdivision (a)(5) rather than on subdivision (a)(6), the view expressed in *Drake* would not require a different result. The case at bench fits within *Drake's* interpretation of "punishment imposed." At bench the trial court first imposed punishment in the form of sentence for each of two different offenses, one of which it thereafter suspended. The effect reduced the "punishment imposed" to service of the lesser of the two punishments.