*Supp. 10 Opinion
COLE, P. J.
In these 10 cases defendants were convicted of violating Health and Safety Code section 11550 which provides, inter alia, that any person convicted of that offense “shall be sentenced to serve a term of not less than 90 days nor more than one year in the county jail.” The section also provides that a court may place a person convicted thereunder on probation but shall require as a condition thereof that the person be confined for at least 90 days. Finally, the section concludes with a provision that “In no event does the court have the power to absolve a person who violates this section from the obligation of spending at least 90 days in confinement in the county jail.” The trial court sentenced defendants to serve less than 90 days in the county jail.
The People have purported to appeal from “the order of the court absolving the defendant from the obligation of spending at least 90 days in confinement in the county jail.” We dismiss the appeals as having been taken from nonappealable orders.
As the People recognize, the right to appeal is statutory and a judgment or order is not appealable unless it is expressly made so by statute. (People v. Valenti (1957) 49 Cal.2d 199, 204 [316 P.2d 633]; see People v. Succop (1966) 65 Cal.2d 483, 486 [63 Cal.Rptr. 569, 433 P.2d 473]).
It makes no difference that the appeal is taken from a mistaken ruling: “. . . [I]f the order is not appealable under accepted rules concerning appealability, we should not by fiat announce that it is appealable merely because it is egregiously erroneous.” (People v. Valenti, supra, 49 Cal.2d at p. 204.)[1] “The Legislature has determined that except under certain limited circumstances the People shall have no right of appeal in criminal cases. ... [¶] The restriction on the People’s right to appeal is not merely a procedural limitation allocating appellate review between direct appeals and extraordinary writs but is a substantive limitation on review of trial court determinations in criminal trials.” (People v. Superior Court (Howard) (1968) 69 Cal.2d 491, 497-498 [72 Cal.Rptr. 330, 446 P.2d 138].) (Italics added.)
*Supp. 11 The right to appeal from criminal cases decided in municipal and justice courts is found in Penal Code section 1466. That section states, so far as is here applicable: “An appeal may be taken from a judgment or order of an inferior court, in a criminal case, to the superior court of the, county in which such inferior court is located, in the following cases. 1. By the people: (a) From an order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy; (b) From a judgment for the defendant upon the sustaining of a demurrer; (c) From an order granting a new trial; (d) From an order arresting judgment; (e) From any order made after judgment affecting the substantial rights of the people. . .
The People here seek to support the appeal by reference to subdivision 1(e). They argue that the appeal is from an order made after judgment affecting their substantial rights. Manifestly, the last part of the subdivision is satisfied; the orders appealed from do affect the People’s substantial rights; if the orders are erroneous there is no reason they should stand.
The appeals founder, however, because there are no orders “made after judgment” involved here. In these 10 cases the trial courts simply imposed sentences of less than 90 days’ duration on the respective defendants. In a criminal case judgment is synonymous with the imposition of sentence. (People v. Warner (1978) 20 Cal.3d 678, 682 [143 Cal.Rptr. 885, 574 P.2d 1237], fn. 1; see Stephens v. Toomey (1959) 51 Cal.2d 864, 870 [338 P.2d 182].) Thus, as the People concede “such a sentence is the equivalent of the judgment and . . . Penal Code section 1466 does not afford the right of appeal to the People from a judgment of conviction.”
Seeking to escape from their predicament, the People point out that when an order has been made suspending execution of a judgment, or part of a judgment—for example an order placing a defendant on probation—it is an order made after judgment from which the People may appeal. (People v. Warner, supra, 20 Cal.3d at p. 682, fn. 1; People v. Mendevil (1978) 81 Cal.App.3d 84, 88 [146 Cal.Rptr. 65]; People v. Holly (1976) 62 Cal.App.3d 797, 801-802 [133 Cal.Rptr. 331]; People v. Villegas (1971) 14 Cal.App.3d 700, 703 [92 Cal.Rptr. 663]; People v. Orrante (1962) 201 Cal.App.2d 553, 556 [20 Cal.Rptr. 480]; see People v. Beasley (1970) 5 Cal.App.3d 617, 630 [85 Cal.Rptr. 501].) Building on this premise the People then suggest to us that the orders from which they are appealing *Supp. 12 are the “orders of commitment placing the defendant in the custody of the jailer specifying the service of a term of incarceration less than the mandatory minimum sentence.” While ingenious, the argument has no merit.
“To hold that any order which might have an effect on eventual punishment is appealable under [Pen. Code, § 1466, subd. 1(e)] would distort . . . the language ... of the statute. . . .” (People v. Drake (1977) 19 Cal.3d 749, 756 [139 Cal.Rptr. 720, 566 P.2d 622].) In Drake the People tried to save an appeal by arguing that an order modifying a finding that a defendant was guilty of robbery to a finding that he was guilty of grand theft from the person of another was really an order dismissing or otherwise terminating the action because it terminated that part of the information charging first degree robbery. The Supreme Court rejected the effort, calling it a “conceptual device of characterizing the modification” and declining “to either manipulate the accepted concept of ‘terminating the action’ or wrench [the applicable statute authorizing appeals from superior court] out of its natural context in order to compensate for the Legislature’s decision not to provide . . . for an appeal in this case.” (19 Cal.3d at pp. 757-758.) Two justices, concurring in the result, commented that “If a gap was unintentionally created by the Legislature in the pattern of criminal appeals, it is better filled by legislative attention than by judicial ingenuity.” (19 Cal.3d at p. 759.) That is the situation here. Further, in People v. Delles (1968) 69 Cal.2d 906, 909 [73 Cal.Rptr. 389, 447 P.2d 629] the Supreme Court pointed out in a case where a defendant had appealed that an order of commitment “merely implements the judgment” “and is not an ‘order made after judgment’ from which an appeal may be taken. . . .” The same obviously applies to a purported appeal by the People.
The purported appeals are dismissed.
Pacht, L, and Ibáñez, J., concurred.

We do not suggest that the trial courts here involved went out of their respective ways to commit error, or even that error was necessarily committed. We do not know the reasons which impelled the sentences in the cases here at issue, but recognize that one reason might have been previoús holdings of this court, now superseded by opinions of higher appellate courts, in which we held the mandatory sentencing aspects of Health and Safety Code section 11550 to be unconstitutional.