[Crim. No. 18312. First Dist., Div. One. Mar. 12, 1979.]

THE PEOPLE, Plaintiff and Appellant, v.
RICHARD WARREN La FAVE, Defendant and Respondent.

## COUNSEL

Gene L. Tunney, District Attorney, and Gregory J. Jacobs, Deputy District Attorney, for Plaintiff and Appellant.

Carrow, Forest & Jordan and Robert D. Carrow for Defendant and Respondent.

## OPINION

**RACANELLI, P. J.**—Defendant was charged with several counts of violation of Health and Safety Code section 11352, subdivision (a) (sale of cocaine, a controlled substance), the information alleging that the separate sales occurred during a two-week period. Following receipt of a preplea probation report finding the defendant suitable for probation (see Code Civ. Proc., § 131.3) a plea of guilty was entered on three counts; the remaining charges were dismissed on the People's motion. After consideration of a presentence report (see Pen. Code, § 1203)[1] in which the probation department recommended a state prison sentence with execu-

---

[1]Unless otherwise indicated, all section references hereinafter made are to the Penal Code.

tion suspended for four years subject to a number of conditions of probation including confinement in the county jail and payment of a fine, the trial court suspended imposition of judgment and granted a term of supervised probation subject to the recommended conditions but excluding confinement or levy of a fine. The People now appeal from the order of probation.[2]

### People's Right of Appeal

Relying chiefly on *People* v. *Warner* (1978) 20 Cal.3d 678 [143 Cal.Rptr. 885, 574 P.2d 1237], the People claim the order granting probation is reviewable on appeal either as "an order made after judgment" or "an order modifying the verdict or finding by reducing the degree . . . or . . . the punishment imposed." (§ 1238, subds. (a) (5) and (a)(6).) Defendant resists such claim arguing that neither subdivision sanctions a direct appeal by the People from an order of probation made free of jurisdictional infirmity. Our review of the relevant principles sustains defendant's argument. The purported appeal must be dismissed.

### I

█ It is well established that the People have no right of appeal in criminal cases except under the limited circumstances provided by the Legislature. (*People* v. *Drake* (1977) 19 Cal.3d 749, 754 [139 Cal.Rptr. 720, 566 P.2d 622]; *People* v. *Superior Court (Howard)* (1968) 69 Cal.2d 491, 497 [72 Cal.Rptr. 330, 446 P.2d 138]; *People* v. *Valenti* (1957) 49 Cal.2d 199, 205 [316 P.2d 663] [disapproved on other grounds, *People* v. *Sidener* (1962) 58 Cal.2d 645, 647 (25 Cal.Rptr. 697, 375 P.2d 641)].) The governing statute limits that right—inter alia—to any order "made *after* judgment, affecting the substantial rights of the people" (subd. (a)(5)), or "modifying the verdict or finding *by reducing* the degree of the offense or *the punishment imposed*" (subd. (a)(6).)[3] (Italics added.)

---

[2] Review of the challenged order by the People's earlier petition for mandamus or prohibition was summarily denied by this court on July 6, 1978 (1 Civ. No. 44466).

[3] Subdivision (a)(6) has since been amended to also permit an appeal by the People from "an order . . . modifying the offense to a lesser offense." (Stats. 1978, ch. 1359, § 2.)

It is likewise settled that where sentence is imposed *and execution thereof suspended,* an appeal may be taken from an order granting probation as an order made after judgment. (See *People* v. *Warner, supra,* 20 Cal.3d 678, 682, fn. 1; see also *People* v. *Villegas* (1971) 14 Cal.App.3d 700, 703, fn. 2 [92 Cal.Rptr. 663]; cf. *People* v. *Mendevil* (1978) 81 Cal.App.3d 84, 88-89, fn. 3 [146 Cal.Rptr. 65].) Contrawise, where *imposition of sentence is suspended* and a valid order of probation granted, no judgment has been entered authorizing an appeal within the meaning of subdivision (a)(5). (See *Stephens* v. *Toomey* (1959) 51 Cal.2d 864, 870-871 [338 P.2d 182].)

As we have earlier stated, where no sentence of judgment has been imposed, as here, the order granting probation cannot be considered an appealable order after judgment under the provisions of subdivision (a)(5). (*People* v. *Orrante* (1962) 201 Cal.App.2d 553, 556 [20 Cal.Rptr. 480].)

## II

The People's alternative argument based upon subdivision (a)(6) is similarly unsupported by the record and applicable law. The qualifying statutory language logically requires that actual punishment must first be imposed in order to be subject to the challenged reduction. (See *People* v. *Drake, supra,* 19 Cal.3d 749, 756.) Moreover, unlike the readily distinguishable circumstances reflected in the line of cases, upon which the People further rely (*People* v. *Villegas, supra,* 14 Cal.App.3d 700 [erroneous grant of probation due to lack of prosecutor's express consent]; *People* v. *Orrante, supra,* 201 Cal.App.3d 553 [defendant convicted of second-degree murder with arming clause ineligible for probation; void order of probation appealable as an order reducing punishment]; see also *People* v. *Thatcher* (1967) 255 Cal.App.2d 830 [63 Cal.Rptr. 492] [order granting probation to ineligible narcotics offender appealable under subd. (a)(6)]; and *People* v. *Superior Court* (1953) 118 Cal.App.2d 700 [258 P.2d 1087] [order granting probation to ineligible prison escapee appealable under subd. (a)(5)]), the underlying offenses were subject to a grant of probation within the court's discretion (see generally §§ 1203-1203.09) whether by suspending the imposition of sentence or the execution of such sentence (see § 1203.1). The challenged order manifestly did not constitute an *erroneous* grant of probation to an ineligible defendant with the consequent effect of improperly reducing an otherwise mandatory punishment. (Cf. *People* v. *Villegas, People* v. *Thatcher,* and *People* v. *Orrante,* cited *supra.*) Under such circumstances, a valid though contested grant of probation does not fall within the intended meaning of the statutory

language. (See *People* v. *Drake, supra,* 19 Cal.3d 749, 756-758.) We conclude that no right of appeal is extended to the People under subdivision (a)(6).

In view of our conclusions, we do not reach the substantive issue presented by the People's purported appeal.[4] The appeal is dismissed.

Newsom, J., concurred.

**ELKINGTON, J.**—I concur—but with reluctance.

As indicated by Presiding Justice Racanelli, by a quirk of our procedural law, the People *may appeal* from an order granting probation *after* imposition of judgment and sentence, but *may not appeal* from such an order when imposition of judgment and sentence is suspended.

The result is that a trial judge who abuses his discretion in granting probation may capriciously allow to, or withhold from, the People an appeal from the order, depending simply upon the manner in which he makes it.

This exaltation of form over substance (see Civ. Code, § 3528) does violence to the needs of a fair and rational system of criminal justice. The courts are powerless to correct it, but the Legislature is not.

---

[4]Parenthetically, we note that in exercising its discretion to grant probation, the trial court considered the three principal factors ((1) the surrounding circumstances, (2) defendant's prior (conviction-free) record and (3) personal history) underscored in *People* v. *Warner, supra,* 20 Cal.3d 678, at pages 684-686. While one might disagree as to the propriety of a probation grant in lieu of imprisonment, it does not appear that the trial court's exercise of discretion under the circumstances shown "exceed[ed] the bounds of reason." (*People* v. *Giminez* (1975) 14 Cal.3d 68, 72 [120 Cal.Rptr. 577, 534 P.2d 65].)