[No. G001296. Fourth Dist., Div. Three. Sept. 24, 1985.]

THE PEOPLE, Plaintiff and Appellant, v.
CHARLES FREDERICK HAMES et al., Defendants and Respondents.

**COUNSEL**

Cecil Hicks, District Attorney, Michael R. Capizzi, Assistant District Attorney, William W. Bedsworth and Brett G. London, Deputy District Attorneys, for Plaintiff and Appellant.

Ronald Y. Butler, Public Defender, Frank Scanlon, Assistant Public Defender, James Dean Allen, Richard Aronson and Richard Schwartzberg, Deputy Public Defenders, and Laurence A. Young for Defendants and Respondents.

**OPINION**

**TROTTER, P. J.**—The People appeal from orders suspending execution of sentence and granting probation in this case. Defendants each pled guilty to all counts of an information charging them with conspiracy to commit pimping (Pen. Code, §§ 182, subd. 1/266h), two separate counts of pimping (Pen. Code, § 266h) and one count of pandering (Pen. Code, § 266i). The plea was not negotiated by the People. Sentence on counts 2, 3, and 4 was stayed. Imposition of sentence on count 1 was suspended and defendants were placed on probation for three years on condition, among other things, that they each spend ninety days in the Orange County jail.[1]

[1]The trial court ordered that defendants' guilty pleas could be withdrawn if this court granted the People's appeal.

The People contend, as they did at the time of sentencing, that probation may not be granted to a person convicted of pimping or pandering. At the time of the charged offenses in this case, Penal Code sections 266h and 266i each contained the following provision: "Except as provided in Section 1203.65 and notwithstanding any other provision of law, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, any person convicted under this section unless the person is required to serve a term of imprisonment in the state prison for three years as a condition of probation or suspension."[2]

█ Before we reach the merits of the issue raised by the People, a threshold question is posed by defendant Morrill. Do the People have a right to appeal in this matter?

The People's right to appeal in a criminal case is governed by Penal Code section 1238 which provides in pertinent part: "(a) An appeal may be taken by the people from any of the following: . . . (5) An order made after judgment, affecting the substantial rights of the people. [¶] (6) An order modifying the verdict or finding by reducing the degree of the offense or the punishment imposed or modifying the offense to a lesser offense. . . ."

In *People* v. *La Fave* (1979) 92 Cal.App.3d 826 [156 Cal.Rptr. 63], the defendant pled guilty to three counts of sale of cocaine. (Health & Saf. Code, § 11352, subd. (a).) The trial court suspended imposition of judgment and placed the defendant on probation. The People appealed from the order granting probation, and the appeal was dismissed. The court stated, "It is well established that the People have no right of appeal in criminal cases except under the limited circumstances provided by the Legislature. [Citations.] The governing statute limits that right—inter alia—to any order 'made *after* judgment, affecting the substantial rights of the people' (subd. (a)(5)), or 'modifying the verdict or finding *by reducing* the degree of the offense or *the punishment imposed*' (subd. (a)(6).) [fn. omitted.] (Italics added.) [¶] It is likewise settled that where sentence is imposed *and execution thereof suspended,* an appeal may be taken from an order granting probation as an order made after judgment. [Citations.] Contrariwise, where *imposition of sentence is suspended* and a valid order of probation granted, no judgment has been entered authorizing an appeal within the meaning of subdivision (a)(5). [Citation.] [¶] As we have earlier stated, where no sen-

---

[2]The above quoted provision was deleted from Penal Code sections 266h and 266i by 1983 amendments to those sections. (Stats. 1983, ch. 79, §§ 1 & 2, p. 171.) However, at the same time the Legislature amended Penal Code section 1203.065 to provide as follows: "(a) Notwithstanding any other provision of law, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, any person convicted of violating . . . Section 266h or Section 266i. . . ." (Stats. 1983, ch. 79, § 3)

tence of judgment has been imposed, as here, the order granting probation cannot be considered an appealable order after judgment under the provisions of subdivision (a)(5). [Citation.]'' (*Id.*, at pp. 828-829.)

In the case before us, the trial court did not impose a sentence, but rather suspended imposition of sentence and granted probation. Under Penal Code section 1238, subdivision (a)(5), such an order would not be subject to appeal by the People because no judgment had been entered. However, the People argue that the orders granting probation in this case constituted erroneous grants of probation to ineligible defendants, and, as a consequence, their effect was to improperly reduce otherwise mandatory punishments.

In *People* v. *Orrante* (1962) 201 Cal.App.2d 553 [20 Cal.Rptr. 480], the defendant was convicted, upon her plea of guilty, of second degree murder while armed with a deadly weapon. The trial court suspended imposition of sentence and placed defendant on probation in violation of the terms of Penal Code section 1203. The appellate court held that the People could appeal from the order granting probation under the provisions of Penal Code section 1238, subd. (a)(6). The court concluded that the trial court had no jurisdiction to grant probation to a defendant who was ineligible under Penal Code section 1203, and noted that the effect of the trial court's order was to modify the verdict or finding by reducing the punishment imposed. The court stated, ''A plea of guilty is the equivalent of a verdict of a jury and dispenses with the necessity for the court to make any finding. [Citation.]'' (*Id.*, at p. 557, fn. 1.) The court spoke of the distinction made between suspending imposition of sentence and imposing sentence and then suspending execution of sentence, and concluded: ''We do not feel that subdivision 6 of section 1238 requires the procedural formalism of the trial court first imposing the punishment and then reducing it. We are of the opinion that where the trial court suspends the imposition of sentence and grants probation, when it has no jurisdiction to make such orders, 'the purpose and ultimate effect of the court's order,' to adopt the language of *Burke, supra,* [*People* v. *Burke* (1956) 47 Cal.2d 45, 53-54 (301 P.2d 241).] is to reduce the punishment and the order is appealable under subdivision 6 of section 1238.'' (*Id.*, at p. 558.)

The same result was reached in *People* v. *Thatcher* (1967) 255 Cal.App.2d 830 [63 Cal.Rptr. 492], a case involving an order granting probation to an ineligible narcotics offender, and in *People* v. *Villegas* (1971) 14 Cal.App.3d 700 [92 Cal.Rptr. 663], another improper grant of probation. (See also *People* v. *Gaines* (1980) 112 Cal.App.3d 508, 512-513 [169 Cal.Rptr. 381]; *People* v. *Mendevil* (1978) 81 Cal.App.3d 84, 88 [146 Cal.Rptr. 65].)

We hold that the *Orrante* line of cases is controlling here. Notwithstanding the fact that the trial court suspended imposition of sentence prior to its grant of probation, the order is appealable under Penal Code section 1238, subdivision (6) as an "order modifying the verdict . . . by reducing . . . the punishment imposed." As was said by the court in *People* v. *Villegas, supra,* 14 Cal.App.3d 700, at page 703, "We believe that *Orrante* and *Thatcher* clearly state the better rule. It simply could not have been the intent of the Legislature that there should be a distinction with respect to the appealability of an order which erroneously grants probation, which depends on whether it is the imposition of the sentence or its execution which is suspended."

We turn then to the merits of the People's appeal, and conclude that the trial court lacked jurisdiction to grant probation to defendants in disregard of the prohibitions of Penal Code sections 266h and 266i. It is settled that the Legislature, not the courts, has the exclusive power to define crimes and fix penalties. (*People* v. *Tanner* (1979) 24 Cal.3d 514, 519, fn. 3 [156 Cal.Rptr. 450, 596 P.2d 328]; *People* v. *Truett* (1981) 126 Cal.App.3d 156, 162 [178 Cal.Rptr. 535].) Here, the Legislature made a minimum three-year prison term a mandatory requirement when one has suffered a conviction of either Penal Code section 266h or 266i. An order imposing a sentence not authorized by law is void and is subject to judicial correction whenever the error comes to the attention of a reviewing court. (*Wilson* v. *Superior Court* (1980) 108 Cal.App.3d 816, 818-819 [166 Cal.Rptr. 795], and cases cited therein.)

The orders granting probation are reversed and the matter is remanded to the trial court with directions that defendants be allowed to withdraw their guilty pleas if they so desire, in accordance with the trial court's order of December 5, 1983.

Sonenshine, J., and Wallin, J., concurred.

The petition of respondent Morrill for review by the Supreme Court was denied December 30, 1985.