Opinion
BARRY-DEAL, J.
David Ronald Bermudez appeals from an order denying his petition under Penal Code section 851.8, subdivision (c),[1] for a determination of his factual innocence of a 1972 rape charge. We find that appellant failed to establish good cause for waiving the time limitations applicable to such petitions, and affirm the denial.

Facts

In 1972,[2] appellant was held to answer a charge that he had raped Debra M. The charge was based on her accusation that after meeting her at a party, he had given her some “reds,” and had later taken her to a remote area and raped her. Before the case was tried, the information was amended *1228 to add a charge under section 272 (contributing to delinquency of a minor). Appellant pleaded guilty to the added charge, and the rape charge was dismissed on the prosecutor’s motion. Appellant was placed on probation and was ordered to serve 90 days in the county jail as one of several conditions of probation.
Appellant was convicted of some unrelated crime and sentenced to state prison in 1982.[3] He then discovered that the dismissed rape charge had resulted in several adverse consequences, including restrictions on the work he could do in prison, threats from other persons in the prison system, and possible adverse effects on his ability to qualify for professional licensing in California. (See, e.g., Loder v. Municipal Court (1976) 17 Cal.3d 859, 868-869 and fn. 4 [132 Cal.Rptr. 464, 553 P.2d 624] [describing adverse consequences of arrest records].)
In 1984, after several years in which appellant had attempted to resolve his difficulties “informally,” he obtained a letter from his former trial counsel addressed “To Whom It May Concern.” In the letter, his counsel asserted that the amendment of the 1972 information and dismissal of the rape charge had occurred because she had presented evidence of appellant’s innocence of the rape to the prosecutor. Counsel also stated that the guilty plea to the contributing charge was based on appellant’s admission that he had given Debra M. drugs.
In October 1988, slightly less than four years after receiving the letter from his counsel, appellant filed the instant petition with the court below. In the moving papers, he claimed that he was entitled to a determination of factual innocence under section 851.8, subdivision (c). He argued that his conviction under section 272 was not related to the rape charge, and that the prosecutor had dismissed the charge only after appellant had proved to the prosecutor’s satisfaction that he was innocent of the rape. In support of the petition, he attached his own declaration and an unsigned copy of the 1984 letter by his former counsel. In all the proceedings on the petition, appellant had no counsel.
The district attorney’s office responded with a request that the petition be denied for failure to show good cause for waiver of the time bar imposed by section 851.8, subdivision (/). After hearing argument, at which appellant adduced no further proof of his innocence, and gave no reason for his *1229 inaction after receiving the 1984 letter by his counsel, the court denied the petition. This appeal followed. (People v. White (1978) 77 Cal.App.3d Supp. 17, 19, fn. 2 [144 Cal.Rptr. 128] [order denying petition under former § 851.8 appealable as order after judgment affecting substantial rights of the People]; § 1466, subds. (a)(6) and (b)(2).)

Discussion

Section 851.8, subdivision (c), provides in part that “where a person has been arrested, and an accusatory pleading has been filed, but where no conviction has occurred, the defendant may, at any time after dismissal of the action, petition the court which dismissed the action for a finding that the defendant is factually innocent of the charges for which the arrest was made. . . .”(§ 851.8, subd. (c).) Although subdivision (c) contains no time limitation, section 851.8, subdivision (/), provides in effect[4] that such petitions must be filed within two years of the “date of the arrest or filing of the accusatory pleading, whichever is later.” (§ 851.8, subd. (/ ).) If a petition is filed outside those time limits, the petitioner must make a showing of good cause why the limit should be waived, and there must be no prejudice resulting from the delay. (§851.8, subd. (/).)
It is clear that appellant’s petition, coming more than 16 years after dismissal of the rape charge, was outside the 2-year limit of section 851.8, subdivision (/ ). We therefore consider whether appellant, even granted the leniency to which pro se litigants should be entitled, made a sufficient showing of good cause to waive the time limit.
At the first hearing on the petition, appellant asserted that the petition was delayed because he had “tried to resolve this informally since ’81,” and that he had “written to the District Attorney’s office . . . .” After discovering that appellant had received the district attorney’s opposition to the petition on the day of the hearing, the court asked appellant if he wished to respond to the People’s claim of untimeliness, and he requested a two-day continuance.
*1230 Appellant filed no written response. At the continued hearing, appellant first argued that the time limitations of section 851.8, subdivision (Z), did not apply to petitions for relief under subdivision (c) of the same statute, and that no showing of good cause was required. Apparently arguing in the alternative, appellant then asked the court to “make allowances for [his] layman status,” and argued that he was unaware of any adverse consequences of the dismissed charge until 1982.
In sum, the only showing of good cause made below was appellant’s assertion that he had been trying to resolve his difficulty informally, apparently with the local district attorney’s office. He gave no explanation for the four-year gap between the time he apparently obtained the supporting letter from his former counsel in 1984 and the filing of the petition in 1988. Even assuming that the delay between 1972 and 1984 was excusable owing to appellant’s ignorance and lack of representation, there was no showing whatsoever of any good cause for delay after 1984. We therefore find that appellant did not show good cause for waiving the time limits of section 851.8, subdivision (Z).[5] People v. White, supra, 77 Cal.App.3d Supp. 17, on which appellant relies, did not reach the issue. In White, the petitioner had been acquitted of misdemeanor charges in 1972. (Id., at p. Supp. 19.) In 1977, he filed a petition for relief under former section 851.8, which was effective January 1, 1976, and was substantially reenacted as subdivision (e) of the present section 851.8.[6] The White court found that former section 851.8 was fully retroactive, and entitled the petitioner to relief upon a proper showing. (Id., at pp. Supp. 22-23.) Because White was decided *1231 before any time limit on section 851.8 petitions existed, it has no application to the question before us.[7]
The judgment is affirmed.
White, P. J., and Merrill, J., concurred.
A petition for a rehearing was denied December 20, 1989, and appellant’s petition for review by the Supreme Court was denied March 15, 1990.

 All further statutory references are to the Penal Code.

 We derive the facts of the 1972 case from the transcript of the preliminary hearing, which was before the court on the petition below.

 The parties have not provided us any details of appellant’s current status in the criminal justice system. Our only source of information regarding appellant’s status and activities is his petition and the remarks he made at the hearing on the petition. Respondent has not contradicted any of appellant’s assertions regarding his efforts to nullify the effects of his arrest record, and we therefore accept them as true for the purposes of this appeal.

 Section 851.8, subdivision (/ ), provides: “(/ ) For arrests occurring on or after January 1, 1981, and for accusatory pleadings filed on or after January 1, 1981, petitions for relief under this section may be filed up to two years from the date of the arrest or filing of the accusatory pleading, whichever is later. Until January 1, 1983, petitioners can file for relief under this section for arrests which occurred or accusatory pleadings which were filed up to five years prior to the effective date of the statute. Any time restrictions on filing for relief under this section may be waived upon a showing of good cause by the petitioner and in the absence of prejudice.”
Although subdivision (/ ) makes provision for a period longer than two years applying until January 1, 1983, the passage of time has rendered that provision superfluous.

 In light of our conclusion, we do not reach the difficult question posed by application of section 851.8, subdivision (c), to cases like this one. The subdivision applies “where no conviction has occurred,” but the determination of factual innocence relates to the “charges for which the arrest was made.” It is not clear whether the section should apply where, as is assertedly the case here, the “charges for which the arrest was made” are dismissed, but the defendant is “convicted” of some other charge arising out of different facts. Nor do we reach his argument below that the two-year time limit of section 851.8, subdivision (/ ), should not apply to petitions under subdivision (c), as he has not raised it on appeal, and respondent has not argued the point. We note, however, that the Legislature apparently intended subdivision (/ ) to apply to all petitions under the section. (§ 851.8, subd. (/ ); see People v. Superior Court (Guerrero) (1962) 199 Cal.App.2d 303, 308 [18 Cal.Rptr. 557] [statute to be read as a whole].)

 Former section 851.8 read: “Whenever a person is acquitted of a charge and it appears to the judge presiding at the trial wherein such acquittal occurred that the defendant was factually innocent of the charge, the judge may order that the records in the case be sealed, including any record of arrest or detention, upon the written or oral motion of any party in the case or the court, and with notice to all parties to the case. If such an order is made, the court shall give to the defendant a copy of such order and inform the defendant that he may thereafter state that he was not arrested for such charge and that he was found innocent of such charge by the court.” (Stats. 1975, ch. 904, § 1, p. 2002, repealed Stats. 1980, ch. 1172, § 1, p. 3939.)

 Because we assume that appellant was entitled to petition for relief under section 851.8, we do not reach his claim that a denial of such entitlement would deprive him of the equal protection of the laws. (See, e.g., In re Eric J. (1979) 25 Cal.3d 522, 530-531 [159 Cal.Rptr. 317, 601 P.2d 549] [meritorious claim must establish unequal treatment of similarly situated persons].)