[Crim. No. 22995. Second Dist., Div. Five. Oct. 9, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
CAREY LYNN WILSON, Defendant and Appellant.

## COUNSEL

Clifford Douglas, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Robert F. Katz and Susanne C. Wylie, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HASTINGS, J.**—Defendant was charged in count I of the information with assault with intent to commit murder (Pen. Code, § 217), in count II with assault with a deadly weapon (Pen. Code, § 245), in count III with sodomy (Pen. Code, § 286), in count IV with child molesting (Pen. Code, § 288), and in count V with false imprisonment. (Pen. Code, § 236). Two prior felony convictions were alleged. Pursuant to a plea bargain (Pen. Code, § 1192.5), defendant withdrew a not guilty plea, pleaded guilty to count IV, and admitted the second alleged prior conviction. After a hearing at which psychiatric testimony was received, the court found that no unusual circumstances existed wherein the interests of justice demanded that probation be granted and ruled that defendant was ineligible for probation. (Pen. Code, § 1203, subds. (d)(2), (e)(5).) A motion to strike the admitted prior conviction was denied. Defendant was sentenced to state prison, the sentence to run concurrently with that on any prior conviction. Defendant appeals from the judgment. The appeal reaches only post-plea issues; the validity of the guilty plea is not challenged.

Defendant sought to have the trial court institute mentally disordered sex offender proceedings. The court ruled that since defendant was ineligible for probation, he was likewise ineligible to be committed as a mentally disordered sex offender. (Welf. & Inst. Code, § 6301.) Defendant challenges that ruling on several theories.

██ Defendant first urges that a defendant who falls within the category of persons who may be granted probation in "unusual cases" (Pen. Code, § 1203 subds. (d), (e)) is not ineligible for probation within the meaning of section 6301 of the Welfare and Institutions Code. He con-

trasts such persons with those described in section 11370 of the Health and Safety Code who "shall not, in any case, be granted probation." The latter, he claims, are truly ineligible for probation, whereas, he contends, those described in subdivisions (d) and (e) of section 1203 of the Penal Code are ineligible only after the trial court rules that theirs is not an unusual case.

Section 6301 of the Welfare and Institutions Code provides: "This article shall not apply to any person . . . ineligible for probation *under the Penal Code.*" (Italics added.) The distinction defendant draws between section 11370 of the Health and Safety Code and section 1203 of the Penal Code is therefore irrelevant. It is clear that the Legislature intended section 6301 of the Welfare and Institutions Code to apply to those ineligible for probation under section 1203 of the Penal Code. Section 1203 does not designate any type of offender who is absolutely ineligible for probation regardless of unusual circumstances. The distinction between whether those described in subdivisions (d) and (e) of section 1203 are technically eligible for probation unless the court rules that the case is not an unusual one, or whether they are ineligible unless the court rules that the case is an unusual one, is a distinction of semantics and not of substance insofar as section 6301 is concerned.

■ Defendant next argues that the term "unusual cases" in section 1203 does not provide an ascertainable standard to be applied when sentencing a defendant and that a penal statute must provide such a standard or it is void for vagueness. Defendant recognizes that the cases prohibiting vagueness in criminal matters deal with statutes defining criminal offenses. Probation, on the other hand, is a matter solely within the sound, but broad, discretion of the court. It is an act of clemency and is not governed by rigid or specific standards. (*People* v. *Thornton,* 14 Cal.App.3d 324, 326 [92 Cal.Rptr. 327].)

Furthermore, in section 1203 the term "unusual cases" is not used in isolation. It is modified by the requirement that the interests of justice demand or would best be served by the granting of probation. Defendant does not contend that the phrase "interests of justice" is unconstitutionally vague. In fact, he asserts that it is a quite proper standard to be employed in granting probation. Section 1203 is not unconstitutionally vague.

■ Finally, defendant contends that the trial court abused its discretion by deciding that his case was not an unusual one. The basis for this claim was that defendant, who was 24 years old at the time of sentencing, had been institutionalized almost continually since the age of eight, that

he had the emotional maturity of a child of nine, that he had married and begun his first heterosexual relationship shortly after his release from his last confinement, and that the instant case represented the first time defendant had ever requested psychiatric help. With respect to the last mentioned factor, the court-appointed physician who examined defendant doubted defendant's sincerity in seeking psychiatric help. Defendant's marriage had failed to modify his criminal behavior; he committed the instant offense after he married. Defendant previously had been committed to Atascadero State Hospital and had not cooperated with physicians there. The court did not abuse its discretion in ruling that defendant's case was not an unusual one in which the interests of justice required that probation be granted.

Defendant's notice of appeal cited as a further error the denial of his motion to strike the admitted prior felony conviction. Appointed counsel on appeal has chosen not to pursue this issue, nor do we believe it has merit.[1]

The judgment is affirmed.

Kaus, P. J., and Ashby, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 5, 1973.

---

[1]The basis cited below for the motion was the fact that defendant had represented himself in propria persona in connection with the prior conviction and the record before the trial court indicated no express waiver of counsel. Out of an abundance of caution we obtained the reporter's transcript of the proceedings held in the prior case. It reveals that defendant elected to proceed in propria persona only after being strenuously urged by the court to accept the services of an attorney.