[No. G000674. Fourth Dist., Div. Three. Oct. 31, 1986.]

THE PEOPLE, Plaintiff and Appellant, v.
JOE GARLAND EBERHARDT et al., Defendants and Respondents.

## COUNSEL

Cecil Hicks, District Attorney, Michael R. Capizzi, Assistant District Attorney, and William W. Bedsworth, Deputy District Attorney, for Plaintiff and Appellant.

Christopher J. Hennes, Howard Goodman and Quin Denvir and Frank O. Bell, Jr., State Public Defenders, under appointments by the Court of Appeal, Jonathan B. Steiner, Chief Assistant State Public Defender, and F. Elaine Easley, Deputy State Public Defender, for Defendants and Respondents.

## OPINION

SONENSHINE, J.—On February 28, 1985, we filed our earlier opinion in this matter. The California Supreme Court granted a petition for hearing on May 2, 1985, and on June 26, 1986, retransferred the matter to us for reconsideration in light of *People* v. *Fritz* (1985) 40 Cal.3d 227 [219 Cal.Rptr. 460, 707 P.2d 833].[1]

The People ask us to consider whether a trial court may suspend imposition

---

[1]All parties have, by letter brief, suggested the original opinion was correct and requested that opinion be refiled. After reconsideration, we agree. The original opinion is refiled except as modified in Part III.

of sentence on prior felony enhancements. (Pen. Code, §§ 667, 667.5.)[2] In addition they complain probation reports were not obtained before the defendants were sentenced.

Defendants Joe Garland Eberhardt, Christine Marie Hill and Richard Arganda Loya were charged with several felonies and firearm enhancement allegations.[3] Each was also alleged to have been previously convicted of one or more felonies resulting in a term of imprisonment.[4] At arraignment in superior court each defendant pleaded guilty as charged, admitted all the firearm enhancement and prior felony allegations and was sentenced.

Eberhardt was sentenced to seven years in prison: three years (the mid term) on count I with two additional years for the firearm use enhancement (§ 12022.5); one year each (one-third the midterm) to be served consecutively on count II and count IV for a total of seven years. The judge then indicated, "All other enhancements alleged and all priors alleged plus the balance of the counts are stayed. . . ."

The court sentenced Hill as follows: three years (the mid term) on count I with an additional year for a firearm enhancement (§ 12022, subd. (a))[5] for a total of four years in state prison. Again the court said, "Sentence on the priors alleged as well as the balance of the counts is stayed. . . ."

Finally, Loya was sentenced as follows: three years (the midterm) on count II with an additional year for a firearm enhancement (§ 12022, subd. (a)), for a total of four years in state prison. And again the judge declared, "Sentence on the priors, any other enhancements and the balance of the counts is stayed, stay to become permanent upon completion of the four

---

[2]All statutory references are to the Penal Code unless otherwise specified.

[3]The defendants were charged as follows: count I charged Eberhardt and Hill with robbery (§ 211); count II charged all three defendants with robbery (§ 211); counts III and IV charged all three defendants with felonious assault (§ 245, subd. (a)); counts V, VI, and VII charged Eberhardt, Hill and Loya respectively, with possession of a concealable firearm by a felon (§ 12021); count VIII charged all three defendants with possession of a sawed-off shotgun (§ 12020, subd. (a)); Eberhardt was charged with using a firearm in the commission of counts II, III and IV (§ 12022.5) and, along with Hill and Loya, being armed with a firearm in the commission of counts II, III, IV and V (§ 12022, subd. (a)).

[4]It was alleged Eberhardt was convicted of residential burglary (§ 459) and robbery (§ 211) within the meaning of sections 667 and 1192.7 and served a separate term of imprisonment for each. It was alleged Hill was convicted of attempted burglary (§§ 664, 459; see also § 667.5) and served a term of imprisonment. It was alleged Loya was convicted of robbery (§ 211) within the meaning of sections 667 and 1192.7 and was also convicted of possession of drugs for the purpose of sale (Health & Saf. Code, § 11351) and served a separate term of imprisonment for each.

[5]There was no section 12022, subdivision (a) enhancement with respect to count I; this sentence is improper in that respect. But since there was such an enhancement as to count II, which also charged robbery, the error is clearly harmless, as the court would undoubtedly have imposed the same sentence but on count II instead of count I, as it did with Loya.

years just imposed."[6] The People appeal, complaining probation reports were not obtained and the court failed to impose consecutive sentence enhancements for the prior convictions.

I

It is true the trial court did not order probation reports for any of the defendants. The People argue probation reports were mandated by section 1203, subdivision (b),[7] because the defendants were statutorily eligible for probation. Eberhardt and Loya counter that, for various reasons,[8] they were not eligible for probation and the referral to the probation officer was discretionary by virtue of section 1203, subdivision (g).[9] They contend no abuse of discretion has been shown. Hill argues, relying on a series of amendments to section 1203, a probation report is mandatory only where a defendant has made an application for probation. She made no such application.

We need not, and indeed cannot, resolve this dispute. Assuming the trial court erred when it failed to order probation reports, the People nonetheless have no remedy by way of appeal. "'The Legislature has determined that except under certain limited circumstances the People shall have no right of appeal in criminal cases.' [Citation.] Those circumstances are enu-

---

[6]The abstract of judgment indicates the firearm and prior felony enhancements which were not imposed were stricken. The transcript of the oral pronouncement of the judgment indicates imposition of sentence on them was *stayed*. The transcript prevails over the abstract regarding the substance of the judgment. (See *People* v. *Blackman* (1963) 223 Cal.App.2d 303, 307-308 [35 Cal.Rptr. 761].)

[7]Section 1203, subdivision (b) reads, in pertinent part: "[I]n every case in which a person is convicted of a felony and is eligible for probation, before judgment is pronounced, the court shall immediately refer the matter to the probation officer to investigate and report to the court, at a specified time, upon the circumstances surrounding the crime and the prior history and record of the person, which may be considered either in aggravation or mitigation of the punishment."

[8]Eberhardt claims he was ineligible for probation by virtue of section 1203, subdivision (e) which forbids probation "[e]xcept in unusual cases where the interests of justice would be best served if the person is granted probation . . . ." (See *People* v. *Axtell* (1981) 118 Cal.App.3d 246 [173 Cal.Rptr. 360]; *People* v. *Wilson* (1973) 34 Cal.App.3d 524 [110 Cal.Rptr. 104]; *People* v. *Clay* (1971) 18 Cal.App.3d 964 [96 Cal.Rptr. 213]; *People* v. *Brown* (1968) 260 Cal.App.2d 434 [67 Cal.Rptr. 238].) According to Eberhardt, his plea brought him within the provisions of section 1203, subdivision (e)(1) and (2) by virtue of being armed with and using a deadly weapon and subdivision (e)(4) by virtue of two or more prior felony convictions. He also claims he was completely ineligible for probation under section 1203.06 because he personally used a firearm during a robbery. (See *People* v. *Tanner* (1979) 24 Cal.3d 514 [156 Cal.Rptr. 450, 596 P.2d 328].)

Loya claims he also was ineligible for probation by virtue of two prior felony convictions. (§ 1203, subd. (e)(4).)

[9]Section 1203, subdivision (g) at the time of sentencing read, in pertinent part: "If a person is not eligible for probation, the judge may, in his discretion, refer the matter to the probation officer for an investigation of the facts relevant to the sentencing of the person."

merated in section 1238." (*People* v. *Drake* (1977) 19 Cal.3d 749, 754 [139 Cal.Rptr. 720, 566 P.2d 622].)[10]

We find nothing in section 1238 which even arguably permits an appeal by the People from a trial court's failure to order a probation report. Our Supreme Court has admonished "if *the order* is not appealable under accepted rules concerning appealability, we should not by fiat announce that it is appealable merely because it is egregiously erroneous." (*People* v. *Valenti* (1957) 49 Cal.2d 199, 204 [316 P.2d 233], italics added, disapproved on other grounds in *People* v. *Sidener* (1962) 58 Cal.2d 645, 647 [25 Cal.Rptr. 697, 375 P.2d 641], in turn overruled on other grounds in *People* v. *Tenorio* (1970) 3 Cal.3d 89 [89 Cal.Rptr. 249, 473 P.2d 993].) We are not deciding the trial court's omission was "egregiously erroneous." The passage from *Valenti* simply underscores the fact the presence of error does not compel appealability where none exists.

*Valenti*'s reference to an appeal from *an order* is not without significance. ■ Even if some later act of the trial court is appealable, this does not permit the People to reach back and request review of a prior nonappealable order. (See *People* v. *Glaser* (1965) 238 Cal.App.2d 819, 821 [48 Cal.Rptr. 427].) The prosecution argues "pendant jurisdiction" permits review on this issue because the sentences are appealable. The argument is unconvincing and made without citation to authority. To so hold would destroy the statutory scheme embodied in section 1238. "[T]he Legislature has struck a delicate balance in 'choosing with some precision the situations' in which the People may appeal; therefore, the courts should not stretch the statutory language of Penal Code section 1238 to include situations beyond the statute's manifest meaning. [Citation.]" (*People* v. *Mendevil*

---

[10]Penal Code section 1238 provides: "(a) An appeal may be taken by the people from any of the following: [¶] (1) An order setting aside the indictment, information, or complaint. [¶] (2) A judgment for the defendant on a demurrer to the indictment, accusation, or information. [¶] (3) An order granting a new trial. [¶] (4) An order arresting judgment. [¶] (5) An order made after judgment, affecting the substantial rights of the people. [¶] (6) An order modifying the verdict or finding by reducing the degree of the offense or the punishment imposed or modifying the offense to a lesser offense. [¶] (7) An order dismissing a case prior to trial made upon motion of the court pursuant to Section 1385 whenever such order is based upon an order granting defendant's motion to return or suppress property or evidence made at a special hearing as provided in this code. [¶] (8) An order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy. [¶] (9) An order denying the motion of the people to reinstate the complaint or a portion thereof pursuant to Section 871.5. [¶] (b) If, pursuant to paragraph (8) of subdivision (a), the people prosecute an appeal to decision, or any review of such decision, it shall be binding upon them and they shall be prohibited from refiling the case which was appealed. [¶] (c) When an appeal is taken pursuant to paragraph (7) of subdivision (a), the court may review the order granting defendant's motion to return or suppress property or evidence made at a special hearing as provided in this code."

(1978) 81 Cal.App.3d 84, 87, fn. omitted [146 Cal.Rptr. 65].) The trial court's failure to order probation reports is not properly before this court for review.

## II

Whether the sentences are appealable presents a more complex question. The People assert an appeal properly lies pursuant to section 1238, subdivisions (a)(5) and (a)(6).

██ Where a court imposes sentence but stays its execution pursuant to section 654,[11] an appeal lies from the stay as an "order made after judgment" under section 1238, subdivision (a)(5). (*People v. Mendevil, supra,* 81 Cal.App.3d 84, 87-88; see also *People v. Perez* (1979) 23 Cal.3d 545, 549, fn. 2 [153 Cal.Rptr. 40, 591 P.2d 63]; *People v. Holly* (1976) 62 Cal.App.3d 797, 801-802 [133 Cal.Rptr. 331].) But here the court did not *impose* sentence and stay *execution;* it stayed *imposition* of sentence. Since the sentence *is* the judgment (*Stephens v. Toomey* (1959) 51 Cal.2d 864, 869-870 [338 P.2d 182]; see also *People v. Orrante* (1962) 201 Cal.App.2d 553, 556 [20 Cal.Rptr. 480]; *People v. Chapman* (1921) 55 Cal.App. 192, 194 [203 P. 126]), a section 654 or other stay where no sentence is imposed cannot be an "order made after judgment."

The People argue, in essence, the sentences on the charges and enhancements must be viewed in the aggregate for the purpose of appealability. Because the court had already imposed sentences on the unstayed robbery charge and weapons enhancement, so the argument goes, the stays were "orders made after judgment" because there were sentences, and thus judgments, on the unstayed charge, or in the case of Eberhardt, charges and enhancement.

While creative, the argument does not withstand analysis. The People rely on *Perez, Mendevil* and *Holly,* but none of them supports the proposition a stay is an "order made after judgment" even where *imposition* of sentence has been suspended simply because sentence has been imposed previously on *another* count or *other* counts.[12] In addition, the People's position would render appealability dependent upon chronological fortuities in the pronouncement of judgment. Should the court *first* suspend imposition of sentence on one or more counts and *then* impose an unstayed sentence on

---

[11]It is not entirely clear whether the trial court purported to stay the enhancements pursuant to section 654 or on another basis. For analytical purposes here this makes no difference. It is clear the stays on the underlying crimes were pursuant to section 654.

[12]While broad language in *People v. Mendevil, supra,* 81 Cal.App.3d 84, 88, arguably lends itself to such an interpretation, there is no indication the court there faced, much less addressed, the issue present here.

another count, the stay would not be appealable under section 1238, subdivision (a)(5) if the logic of the People's position is adopted. The question of appealability should not be resolved based on the sequence in which judgment is pronounced.

The cases addressing appealability under section 1238, subdivision (a)(5) where the People contest a grant of probation, also undermine the People's position. If the grant of probation comes after *execution* of sentence is suspended, the order is appealable under that particular subdivision. (*People v. Villegas* (1971) 14 Cal.App.3d 700, 703, fn. 2 [92 Cal.Rptr. 663];[13] *People v. Superior Court (Leslie)* (1953) 118 Cal.App.2d 700 [258 P.2d 1087].) But where *imposition* of sentence is suspended before the probation order, there is no "order made after judgment" and hence no appeal (*People v. La Fave* (1979) 92 Cal.App.3d 826, 829 [156 Cal.Rptr. 63]; *People v. Orrante, supra,* 201 Cal.App.2d 553, 556); the People must seek relief by a petition for an extraordinary writ. (*People v. Superior Court (Guerrero)* (1962) 199 Cal.App.2d 303, 305 [18 Cal.Rptr. 557].)

In summary, a stay is appealable after *execution* of sentence is suspended on the stayed count. But stays are not "order[s] made after judgment" where sentence is never imposed on the counts stayed. To hold otherwise would stretch the statutory language beyond its manifest meaning. (*People v. Mendevil, supra,* 81 Cal.App.3d 84, 87.) No appeal lies under section 1238, subdivision (a)(5).

### III

Appealability under section 1238, subdivision (a)(6) presents a complex issue, which emanates from an ambiguity in the statute itself. As it applies here, subdivision (a)(6) permits an appeal from "[a]n order modifying the verdict or finding by reducing the degree of . . . the punishment imposed . . . ."

But "[t]he 'degree of . . . punishment imposed' as used in subdivision (a)(6) of Penal Code section 1238 is ambiguous. Whether this language refers to the punishment imposed by the court and thereafter changed, or whether it refers to the punishment as provided by the statute for the particular offense, cannot be determined from merely reading the statute. *Villegas* seems to have accepted the second interpretation; there was in that case no punishment imposed by the court and then reduced. The court in *Villegas* was dealing with a summary grant of probation not with the im-

---

[13]As *Villegas* notes, there is conflicting authority on the issue of appealability where probation is granted. (See *id.,* 14 Cal.App.3d at pp. 703-704.)

position of any sentence and attendant stay of execution. On the other hand language in *People* v. *Drake, supra,* 19 Cal.3d 749, indicates the court takes the view that punishment imposed means punishment actually imposed by the court and which is subsequently reduced. [¶] Although we predicate our decision on subdivision (a)(5) rather than on subdivision (a)(6), the view expressed in *Drake* would not require a different result. The case at bench fits within *Drake*'s interpretation of 'punishment imposed.' At bench the trial court first imposed punishment in the form of sentence for each of two different offenses, one of which it thereafter suspended. The effect reduced the 'punishment imposed' to service of the lesser of the two punishments." (*People* v. *Mendevil, supra,* 81 Cal.App.3d 84, 88-89, fn. 3.)

Among the vast array of cases interpreting section 1238, subdivision (a)(6), we find *People* v. *Gaines* (1980) 112 Cal.App.3d 508 [169 Cal.Rptr. 381] is the most instructive in the present context. Gaines was charged with robbery (§ 211), possession of a concealable firearm by a felon (§ 12021) and two prior felony convictions resulting in prison terms. (§ 667.5.) The trial court failed to impose two one-year enhancements for the prior prison terms, contrary to section 667.5, subdivision (b).

The Court of Appeal held the sentence was appealable under section 1238, subdivision (a)(6). (*Id.,* at pp. 511-514.) The court relied, in large part, upon *People* v. *Orrante, supra,* 201 Cal.App.2d 553. The court in *Orrante* "pointed out that, since the defendant had pleaded guilty and such a plea was the equivalent of a verdict and dispensed with the necessity of any finding by the court, the order granting probation clearly had the effect of modifying a verdict or finding. [Citation.] The *Orrante* court next turned to the question whether subdivision 6 was inapplicable because the order granting probation merely modified the punishment which *should* have been imposed rather than that *actually* imposed by the trial court. [Citation.] Relying upon *People* v. *Burke* (1956) 47 Cal.2d 45 [301 P.2d 241], the court concluded that this question should be answered in the negative and that the applicability of subdivision 6 should not be dependent upon 'the procedural formalism of the trial court first imposing the punishment and then reducing it.' [Citation.] The *Orrante* court stated, 'We are of the opinion that where the trial court suspends the imposition of sentence and grants probation, when it has no jurisdiction to make such orders, "the purpose and ultimate effect of the court's order," to adopt the language of *Burke, supra,* is to reduce the punishment and the order is appealable under subdivision 6 of section 1238.' [Citation.]" (*People* v. *Gaines, supra,* 112 Cal.App.3d 508, 513; see also *People* v. *Mendevil, supra,* 81 Cal.App.3d 84; *People* v. *Villegas, supra,* 14 Cal.App.3d 700; *People* v. *Thatcher* (1967) 255 Cal.App.2d 830 [63 Cal.Rptr. 492].)

The *Gaines* court concluded "the trial court's refusal to enhance defendant's sentence for the two prior prison terms was contrary to the mandate of the Legislature. Thus, the sentence imposed modified defendant's guilty plea, which was tantamount to a verdict or finding, by reducing the punishment which should have been imposed under the applicable statutes. It follows that the People are entitled to appeal from the sentence under subdivision (a)(6) of section 1238." (*People* v. *Gaines, supra,* 112 Cal.App.3d 508, 513-514.)

It is much the same here, but for a reason different than the one upon which the People rely. They contend the enhancements were mandatory under section 667 and article I, section 28, subdivision (f) of the California Constitution. That issue was recently decided by our state Supreme Court (*People* v. *Fritz, supra,* 40 Cal.3d 227) but we need not reach it.[14] More specifically, *Fritz* deals with the question of whether a trial court has the power to *strike* a section 667 enhancement.

This specific question leads us to the error committed by the trial court in the present case. The court did not purport to strike the enhancements pursuant to section 1385 "in the furtherance of justice."[15] Rather, the court simply stayed imposition of sentence on the enhancements.

■ This is an illegal sentence. *People* v. *Cheffen* (1969) 2 Cal.App.3d 638 [82 Cal.Rptr. 658] encapsulates the applicable law. "In the trial below . . . the jury returned a guilty verdict as to each of the five counts charged. However, the trial judge pronounced judgment and sentence was imposed on defendant only for the two counts of kidnaping. As to the remaining three counts, two of robbery and one of burglary, defendant was not informed of the disposition of these counts or the punishment imposed therefor. [Citation.] Upon conviction it is the duty of the court to pass sentence on the defendant and impose the punishment prescribed. (Pen. Code, § 12; *In re Sandel,* 64 Cal.2d 412, 415 [50 Cal.Rptr. 462, 412 P.2d 806]; *People* v.

[14]We note the Supreme Court recently upheld the provisions of section 667 itself and their effect. (*People* v. *Jackson* (1985) 37 Cal.3d 826 [210 Cal.Rptr. 623, 694 P.2d 736]; *People* v. *O'Bryan* (1985) 37 Cal.3d 841 [210 Cal.Rptr. 450, 694 P.2d 135]; see also *People* v. *Weaver* (1984) 161 Cal.App.3d 119 [207 Cal.Rptr. 419]; *People* v. *Jacobs* (1984) 157 Cal.App.3d 797 [204 Cal.Rptr. 234]; *People* v. *Villasenor* (1984) 152 Cal.App.3d 30 [199 Cal.Rptr. 349].)

[15]Section 1385 provides: "The judge or magistrate may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading."

The section "is applicable in the absence of a specific indication by the Legislature to the contrary." (*People* v. *Williams* (1981) 30 Cal.3d 470, 483 [179 Cal.Rptr. 443, 637 P.2d 1029]; see, e.g., *People* v. *Tanner, supra,* 24 Cal.3d 514.)

*Morrow,* 275 Cal.App.2d 507, 514 [80 Cal.Rptr. 75]; see *People* v. *Rodriguez,* 222 Cal.App.2d 221, 226 [34 Cal.Rptr. 907].) Pursuant to this duty the court must either sentence the defendant or grant probation in a lawful manner; it has no other discretion. (*People* v. *Superior Court,* 202 Cal.App.2d 850, 855 [21 Cal.Rptr. 178]; *People* v. *Morrow, supra;* see *Stephens* v. *Toomey,* 51 Cal.2d 864 [338 P.2d 182].) Where sentence is imposed upon multiple convictions the trial court, in order to avoid the double punishment forbidden by Penal Code section 654, may *stay execution* of the less severely punishable offense, pending an appeal or during service of any term fixed by the Adult Authority for the more severely punishable offense, the stay to become permanant [*sic*] at the completion of service of any sentence for the more severely punished offense. [Citations.] [¶] Accordingly, in the present case it was the duty of the trial judge to pronounce judgment on the robbery and burglary counts." (*People* v. *Cheffen, supra,* at pp. 641-642, italics added.)

We agree and see no reason to distinguish this case because it involves enhancements rather than substantive crimes. In fact, to the extent the court here stayed imposition of sentence on counts charging crimes, that too was improper, as *Cheffen* indicates. In section 12, the Legislature has declared: "The several sections of [the Penal] Code which declare certain crimes to be punishable as therein mentioned, devolve a duty upon the Court authorized to pass sentence, to *determine* and *impose* the punishment prescribed." (Italics added.) The probation statutes provide a specific exception to this general rule and permit a court to suspend execution *or* imposition of sentence where probation is granted. (See §§ 1203, 1203a, 1203b, 1203.1, 1203.3; see also § 1203.06 et seq.) However, the Legislature has provided no similar exception applicable here. Staying imposition of sentence is not authorized by the Penal Code.

We disagree with the court's conclusion in *People* v. *Lopez* (1983) 147 Cal.App.3d 162 [195 Cal.Rptr. 27], insofar as it holds, without citation of authority, a court may stay imposition of sentence on an enhancement as a sort of "necessarily included" power under section 1385. (*Id.,* at p. 165; see also *People* v. *Whigam* (1984) 158 Cal.App.3d 1161, 1169 [205 Cal.Rptr. 227]; *People* v. *Price* (1984) 151 Cal.App.3d 803 [199 Cal.Rptr. 99].)[16] *People* v. *Calhoun* (1983) 141 Cal.App.3d 117 [190 Cal.Rptr. 115] aptly points out striking an enhancement and staying an enhancement

---

[16]As noted, the question of a court's power to strike section 667 priors under section 1385 is pending before the Supreme Court.

are not the same thing. The trial court there stayed a firearm use enhancement. (§ 12022.5.) The Court of Appeal held section 1385 does not permit such a stay. (*Id.*, at pp. 124-126.) "The difference between 'striking' and 'staying' is not a mere linguistic difference. As discussed above, striking the enhancements would have implied a finding that they were insupportable in the interests of justice or would have required mitigating factors. (§§ 1385, 1170.1, subd. (g).) The decision to 'stay' is, on the other hand, a sentencing method; that is, a sentence may be 'imposed' or 'stayed.'" (*Id.*, at p. 126.)

The distinction is important. When a court utilizes its power under section 1385, the reasons *must* be entered on the minutes (*People* v. *Orin* (1975) 13 Cal.3d 937, 943-944 [120 Cal.Rptr. 65, 533 P.2d 193]) and must be reasons which would motivate a reasonable judge. (*Id.*, at pp. 945-946.) In other words, there must be a record justifying the action taken. Here, there is none.

An order *striking* a prior is appealable under section 1238, subdivision (a)(1) or (a)(6). (*People* v. *Burke* (1956) 47 Cal.2d 45, 53-54 [301 P.2d 241], disapproved on other grounds in *People* v. *Sidener, supra,* 58 Cal.2d 645, 647, in turn overruled on other grounds in *People* v. *Tenorio, supra,* 3 Cal.3d 89.) It would be anomalous, to say the least, to insulate the trial court's action from review here *because* it used an unauthorized procedure. Thus the fact striking enhancement allegations under section 1385 is appealable strongly militates in favor of appealability here as well.

We recognize "the Legislature has determined that the People shall have no right of appeal in criminal cases except under certain limited circumstances. [Citations.] The Legislature has struck a delicate balance between the competing considerations of preventing harassment of the accused and correcting possible error, and the courts should not destroy that equilibrium by stretching the statutory language beyond its manifest meaning. [Citation.]" (*People* v. *Gaines, supra,* 112 Cal.App.3d 508, 512.) At the same time, we cannot conclude the Legislature meant to deny the People an appeal here when a court has passed a sentence unauthorized by legislation.

"It is well established that when the trial court pronounces a sentence which is unauthorized by the Penal Code that sentence must be vacated and a proper sentence imposed whenever the mistake is appropriately brought to the attention of the trial court or the reviewing court." (*People* v. *Benton* (1979) 100 Cal.App.3d 92, 102 [161 Cal.Rptr. 12].) For a sentencing error to be "appropriately brought to the attention of . . . the reviewing court" of course, it must be appealable unless it is discovered during the defendant's

appeal. For the reasons stated, we conclude an appeal lies under section 1238, subdivision (a)(6).[17]

We need only briefly reiterate the sentencing error committed. The trial court did not have the power to "stay" imposition of sentence on the enhancements. ▮ In addition, although the People do not raise it, the court did not have the power under section 654 to stay *imposition* of sentence rather than impose sentence and stay *execution* on the substantive crimes. (*People* v. *Cheffen, supra,* 2 Cal.App.3d 638, 641-642.) Each defendant's sentence is unauthorized.

The sentences are vacated and the cause is remanded to the trial court for resentencing consistent with the views expressed in this opinion.[18]

Trotter, P. J., and Crosby, J., concurred.

---

[17]As *Mendevil* points out, there is a tension between this conclusion, consistent with *Gaines* and *Villegas,* as well as *Mendevil,* and *People* v. *Drake, supra,* 19 Cal.3d 749, where the Supreme Court suggested punishment must *actually* be imposed before it can be reduced under section 1238, subdivision (a)(6). We recognize resolution of the statutory ambiguity is problematical but conclude, much in the same manner as the court in *Villegas,* the Legislature cannot have intended sentences which contravene several of its other statutory mandates (e.g., §§ 12, 1385) to completely escape review.

[18]Although the record does not make it entirely clear, there is a suggestion the defendants pleaded guilty as charged and admitted all the enhancement allegations with a well-founded expectation of the punishment to be imposed. (But see § 1192.7.) Should this be the case, and should it further develop any such expectation cannot be fulfilled on remand, the defendants may wish to seek withdrawal of their pleas. (See §§ 1018; 1192.5; *People* v. *Ramos* (1972) 26 Cal.App.3d 108, 110-111 [102 Cal.Rptr. 502].)